KHOUZAM, Judge.
The State requests certiorari review of an order of the circuit court, sitting in its appellate capacity, which vacated a county court order denying Juan Caamano’s amended motion to dismiss filed pursuant to section 776.032, Florida Statutes (2010). Because the circuit court departed from the essential requirements of the law in vacating the county court’s order, we grant the petition and quash the circuit court’s order.
The State alleged the following facts. As a street party was dispersing in Lake Hamilton in October 2010, one individual refused to comply with police orders to exit the street. An officer physically engaged the individual by escorting him to a grassy area beside the roadway and taking him to the ground, but the individual resisted. Two other officers assisted in detaining the individual by delivering knee and hand strikes and using a taser to “drive stun” him.
While the individual was face down on the ground after having been beaten and tased by a group of law enforcement officers, Caamano, an on-duty Haines City Police Officer, approached the men. Caamano raised his right foot and “br[ought] it down in a stomping motion” towards the individual’s legs, saying “put your hands behind your back” as he did so. The State alleged specifically that Caama-no’s actions did not assist the other officers with bringing the individual into custody, and that the detained individual did not exhibit any active resistance toward Caamano. Instead, the State alleged that “his stomp served no purpose other than to bring unjustified and unnecessary force to [the individual], who was already engaged by three other officers.” Caamano was charged with attempted battery, a second-degree misdemeanor.
Caamano moved to dismiss the charge, alleging immunity pursuant to section 776.05, Florida Statutes (2010), which provides qualified immunity for a law enforcement officer’s use of force in making an arrest. He later amended his motion to allege instead that he is immune from criminal prosecution pursuant to section 776.032, Florida’s “Stand Your Ground” law. After receiving supplemental briefing and holding multiple hearings, the county *20 court denied the amended motion. The county court found that because Caamano is a law enforcement officer and it is undisputed that the alleged crime occurred during the course of an arrest, he is not entitled to invoke the protection described in section 776.032.
Caamano then petitioned the circuit court for a writ of prohibition, arguing that because section 776.032 does not expressly exclude law enforcement officers from its protection, Caamano is entitled to invoke the protection of either statute. The circuit court granted Caamano’s petition, finding that “there is nothing in the law that prevents [Caamano] from asserting immunity pursuant to Section 776.032.” The circuit court’s order vacated the county court’s order and directed the county court to conduct an evidentiary hearing pursuant to section 776.032. The State timely filed a petition for writ of certiorari, arguing that the circuit court departed from the essential requirements of the law.
A three-pronged test must be satisfied in order to grant certiorari relief: “A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). A district court reviewing an order from a circuit court acting in its appellate capacity assesses the departure prong by determining whether the circuit court afforded procedural due process and whether it applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
Section 776.032(1), provides in relevant part:
A person who uses force as permitted in [defense of person], [defense of the home], or [defense of others] is justified in using such force and is immune from criminal prosecution and civil action for the use of such force .... As used in this subsection, the term “criminal prosecution” includes arresting, detaining in custody, and charging or prosecuting the defendant.
In contrast, section 776.05, titled “Law enforcement officers; use of force in making an arrest,” provides:
A law enforcement officer, or any person whom the officer has summoned or directed to assist him or her, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force:
(1) Which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest....
In construing a statute, a court’s purpose “is to give effect to legislative intent, which is the polestar that guides the court in statutory construction.” Larimore v. State, 2 So.3d 101, 106 (Fla.2008). In order to determine legislative intent, one must first look to the actual wording of the statute and give it its appropriate meaning. See id. Then, the doctrine of in pari materia applies. Id. This doctrine “is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to' harmonize the statutes and to give effect to the Legislature’s intent.” Fla. Dep’t of State, Div. of Elections v. Martin, 916 So.2d 763, 768 (Fla.2005). Consequently, “related statutory provisions must be read together to achieve a consistent whole,” and “‘[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.’” Woodham *21 v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 898 (Fla.2002) (alteration in original) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)).
Further, when construing multiple statutes addressing similar subjects, the specific statute controls over the general. In Mendenhall v. State, 48 So.3d 740, 748 (Fla.2010), the Florida Supreme Court identified that
[i]t is a well settled rule of statutory-construction ... that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.
(Quoting McDonald v. State, 957 So.2d 605, 610 (Fla.2007)) (internal quotation marks omitted). To hold otherwise would render the specific language meaningless. See Mendenhall, 48 So.3d at 749.
Here, the State argues that the circuit court, acting in its appellate capacity, departed from the essential requirements of the law by applying the incorrect law. Specifically, the State argues that by ordering the county court to conduct an evi-dentiary hearing under section 776.032, the Stand Your Ground statute, rather than proceeding under section 776.05, the statute specific to law enforcement, the circuit court stripped section 776.05 of meaning. We agree.
A Florida state court has yet to directly address this issue.[1] Caamano argues that this fact alone prevents an appellate court from granting the State’s petition. To support this argument, Caamano relies upon the following language from Nader v. Florida Department of Highway Safety & Motor Vehicles, 87 So.3d 712, 723 (Fla.2012):
[Cjertiorari jurisdiction cannot be used to create new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied. In such a situation, the law at issue is not a clearly established principle of law.
But the remainder of that paragraph, which Caamano does not address, reads as follows:
This does not mean, however, that clearly established law consists only of prior judicial precedent. In [Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003) ], we explicitly held that “‘clearly established law’ can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” (Emphasis added.) Accordingly, a district court may grant a writ of certiorari after determining that the decision is in conflict with the relevant statute, so long as the legal error is also “sufficiently egregious or fundamental to fall within the limited scope” of certiorari jurisdiction.
Id. Accordingly, this court is not precluded from granting a petition for writ of certiorari where the trial court’s decision is fundamentally erroneous.
Addressing the merits, the circuit court departed from the essential requirements *22 of the law by applying the incorrect law. As the State would not be permitted to appeal should Caamano eventually be acquitted after a trial conducted under the more lenient immunity standard of section 776.082, the State has satisfied the injury and lack of appellate remedy prongs required for certiorari relief. Because sections 776.05 and 776.082 address the use of justifiable force in the context of a criminal prosecution, the doctrine of in pari materia requires that we read them together and attempt to harmonize them.
Upon such a review, it is evident that if Caamano is entitled to any immunity under either statute in this case, then such protection must flow from section 776.05. We hold that the specific language of section 776.05, titled “Law enforcement officers; use of force in making an arrest,” must apply to the behavior of law enforcement officers during the course of an arrest, rather than the language of section 776.032, which applies generally to the public at large. We agree with the State’s argument that holding otherwise would render the specific statute meaningless. See Mendenhall, 48 So.3d at 749. Accordingly, we grant the petition, quash the order of the circuit court, and remand the case for proceedings consistent with this opinion.
Petition granted; order quashed.
DAVIS and MORRIS, JJ„ Concur.

. Below Caamano relied upon, and the circuit court found persuasive, language in Dennis v. State, 51 So.3d 456, 457 (Fla.2010), interpreting section 776.032. But because nothing in the facts of Dennis suggests the defendant was a law enforcement officer, that case is plainly distinguishable from the issue we confront here.