SAWAYA, J.
The issue we must resolve is whether the Legislature intended section 944.35(l)(a), Florida Statutes (2011), to preclude a correctional officer from asserting the “stand your ground” defense provided in section 776.032, Florida Statutes (2011). The correctional officer in this case, Brad Heilman, presents this issue in a Petition for Writ of Prohibition he filed with this court. In that Petition, he requests this court issue a writ directing the trial court to hold an evidentiary hearing pursuant to section 776.032. Heilman contends the writ is necessitated by an order rendered by the trial court holding that section 944.35(l)(a), which lists specified circumstances in which a correctional officer is authorized to use force against an inmate, provides the defense for Heilman and precludes him from asserting the immunity and justification defense provided under section 776.032.[1]
The facts of the underlying criminal case are not important to resolution of the legal issues before us (statutory construction and discerning legislative intent), so we will proceed with only a brief discussion of them.[2] Heilman was a correctional officer employed by the Florida Department of Corrections and worked at the Lake Correctional Institution in Lake County, Florida. While on duty, Heilman and an inmate became involved in a physical altercation that resulted in physical injury to the inmate. Heilman was subsequently charged with aggravated battery. He filed a motion pursuant to section 776.032 to dismiss the Information charging him with that offense and requested a hearing.
The trial court denied the motion and the requested hearing based solely on the rationale of State v. Caamano, 105 So.3d 18 (Fla. 2d DCA 2012). Specifically, the court held that “[ajpplying the court’s reasoning in Caamano ... to the instant case, the specific language of section 944.35(l)(a), Florida Statutes, governs the Defendant’s use of force rather than section 776.032, Florida Statutes.”
We believe that the trial court’s reliance on Caamano is misplaced because that case is clearly distinguishable from the instant case. The defendant in Caamano was a police officer charged with attempted battery allegedly committed while the officer was attempting to arrest the victim. When the officer asserted a defense under *515 section 776.032, the court held that another, more specific, statute found in chapter 776 provided a defense for law enforcement officers. That statute is section 776.05, and it provides that the officer “is justified in the use of any force” under specified circumstances. § 776.05, Fla. Stat. (2011). Specifically, the court stated that “[bjecause sections 776.05 and 776.032 address the use of justifiable force in the context of a criminal prosecution, the doctrine of in pari materia requires that we read them together and harmonize them.” Caamano, .105 So.3d at 22 (emphasis added). The court reasoned that section 776.05 is specifically applicable to cases involving the use of force by law enforcement officers in making an arrest and, therefore, section 776.05 supplied the justification defense applicable to the police officer rather than the more general statute found in section 776.032. Otherwise, the court believed that the two statutes would be in conflict and that section 776.032 would render the other meaningless. However, with the exception of section 776.07(2), Florida Statutes (2011), which only applies to a correctional officer’s use of force in a case involving escape, there is no specific statute in chapter 776 that similarly supplies a justification defense for a correctional officer from criminal prosecution.
The court in Caamano considered two statutes in the same chapter of the Florida Statutes that contain the same terminology, while the two statutes we consider are found in different chapters and contain different terminology. Specifically, section 776.032 is found in chapter 776 of the Florida Statutes, entitled “Justifiable Use of Force,” and the clear purpose of the statutes in that chapter is to provide defenses to individuals accused of crimes committed against the person of another. Section 776.032 is entitled “Immunity from criminal prosecution and civil action for justifiable use of force,”[3] and the provisions of the statute speak in terms of “justified” and “justifiable” (meaning “to declare free of blame: to absolve”)[4] to denote a defense to such crimes. For example, section 776.032(1) provides that a person is “justified in using such force and is immune from criminal prosecution,” and the term “justified” is used by the Legislature in a manner to clearly mean and reference a defense to, and immunity from, criminal prosecution. The immunity from criminal prosecution extends to “arresting, detaining in custody, and charging or prosecuting the defendant.” § 776.032(1), Fla. Stat. (2011).
When we analyze section 944.35, we see a different statute. Section 944.35 is found in chapter 944, “The Florida Corrections Code of 1957,”[5] and the stated purpose of the statutes in chapter 944 is to make the correctional system in Florida more efficient and effective and to reduce recidivism. See § 944.012, Fla. Stat. (2011). While section 776.032 specifically provides a justification defense that immunizes an individual from criminal prosecution, no similar provision is found in section 944.35(l)(a). Rather, in section 944.35(l)(a), the Legislature utilized the term “authorized” (meaning “to give au *516 thority or power to”)[6] to provide criteria for and to specify the circumstances in which employees of the Department of Corrections may use physical force against inmates. The reasons this criteria and these circumstances are specified in the statute include the following: so that courses of instruction may be developed to “teach the proper methods and techniques in applying authorized physical force on an inmate,” section 944.35(l)(a); for reporting purposes and examination of inmates allegedly injured by the use of force by an employee, section 944.35(l)(b) and (2); for disciplinary action and dismissal from employment, section 944.35(3)(c); and to provide criminal penalties for employees of the Department of Corrections who use unauthorized physical force on inmates, section 944.35(3)(a) and (b). We, therefore, reject the implicit rationale adopted by the trial court that under the holding of Caamano, section 944.35(1) and section 776.032 are analogous to the point where the former precludes application of the latter to correctional officers.
We also note that section 944.35 was enacted long before section 776.032, and we hardly think that the Legislature intended that statute preclude application of a statute that had not yet been enacted. Moreover, under the rationale of Ca ama-no, the Legislature certainly knows how to enact a specific statute that provides a justification defense for correctional officers, and an exemplar emanates from the provisions of section 776.07(2), which provides that “[a] correctional officer or other law enforcement officer is justified in the use of force, including deadly force, which he or she reasonably believes to be necessary to prevent the escape from a penal institution of a person whom the officer reasonably believes to be lawfully detained in such institution under sentence for an offense or awaiting trial or commitment for an offense.” Under the Caamano rationale, this statute would appear to preclude application of the justification defense provided in section 776.032. But section 944.35(l)(a)2., Florida Statutes (2011), also addresses situations involving force by correctional officers in cases involving escape. That statute provides that “[a]n employee of the department is authorized to apply physical force upon an inmate only when and to the extent that it reasonably appears necessary ... [t]o prevent a person from escaping from a state correctional institution when the officer reasonably believes that person is lawfully detained in such institution!!]” § 944.35(l)(a)2., Fla. Stat. (2011). If we apply the Caamano rationale, it would appear that section 776.07(2) is a more specific statute intended to preclude application of section 776.032 in cases involving force used by correctional officers to prevent an escape. But if, under the Caama-no rationale, section 944.35(1) preempts section 776.032, there would be no reason for the Legislature to enact section 776.07(2) in the first instance. That would essentially mean that the Legislature enacted a useless statute when it wrote section 776.07(2), but that is just the sort of statutory construction the Caamano court (and many other courts) say should be avoided.[7]
*517 The primary focus of our analysis has been to discern legislative intent — the proverbial polestar that guides statutory construction, see Bautista v. State, 863 So.2d 1180 (Fla.2003) — and the conclusions we reach are that the Legislature did not intend that section 944.35(1) preempt section 776.032 and that the Legislature did intend that section 776.032 apply to correctional officers with the exception provided in section 776.07(2). Because Heilman is entitled to assert the defense provided under section 776.032, we grant the Petition, issue the writ, and remand this case for further proceedings consistent with this opinion.
Petition Granted; Writ Issued; Remanded.
PALMER and BERGER, JJ., concur.

. This court and others have held that a petition for writ of prohibition is the appropriate procedure for obtaining a pre-trial review of a trial court’s order denying a motion to dismiss under section 776.032. See Bretherick v. State, 135 So.3d 337, 2013 WL 5849486 (Fla. 5th DCA Nov. 1, 2013); Little v. State, 111 So.3d 214 (Fla. 2d DCA 2013); Joseph v. State, 103 So.3d 227 (Fla. 4th DCA 2012); Mederos v. State, 102 So.3d 7 (Fla. 1st DCA 2012).

. Because we resolve the legal issue of statutory interpretation, our standard of review is de novo. See State v. Wonder, 128 So.3d 867 (Fla. 4th DCA 2013).

. Since this case involves a criminal prosecution, we will ignore the provision referring to civil action in the remainder of this opinion.

. Webster's II New Riverside University Dictionary 660 (1984). Black's Law Dictionary defines the term “justifiable” as "[rjightful; defensible; warranted or sanctioned by law; that which can be shown to be sustained by law; as justifiable homicide.” Black's Law Dictionary 1004 (4th ed. 1968).

.§ 944.01, Fla. Stat. (2011).

. Webster's II New Riverside University Dictionary 139 (1984). Black's Law Dictionary defines the term "authorize" as meaning "to empower; to give a right or authority to act.” Black’s Law Dictionary 169 (4th ed. 1968).

. In Macchione v. State, 123 So.3d 114, 119 (Fla. 5th DCA 2013), this court explained:
"It is a basic rule of statutory construction that ‘the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.’” Dennis v. State, 51 So.3d 456, 463 (Fla.2010) (quoting Martinez v. State, 981 So.2d 449, 452 (Fla.2008) (oth *517 er citation omitted)); State v. Goode, 830 So.2d 817, 824 (Fla.2002); Unruh v. State, 669 So.2d 242, 245 (Fla. 1996) (“As a fundamental rule of statutory construction, ‘courts should avoid readings that would render part of a statute meaningless.’ ” (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla. 1992))); Sharer v. Hotel Corp. of Am., 144 So.2d 813, 817 (Fla. 1962) ("It should never be presumed that the legislature intended to enact purposeless and therefore useless, legislation.”); Quarantello v. Leroy, 977 So.2d 648, 651 (Fla. 5th DCA), review denied, 987 So.2d 1210 (Fla.2008).