IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEFREY ROSARIO,

        Petitioner,

v.

STATE OF FLORIDA,

        Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4973

Opinion filed June 11, 2015.

Petition for Writ of Prohibition – Original Jurisdiction.

Anabelle Dias and Kevin Robert Alvarez of Anabelle Dias, P.A., Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General; Trisha Meggs Pate and Kathryn Lane, Assistant Attorneys General; and Courtney Frazier, Assistant State Attorney, Tallahassee, for Respondent.

ROBERTS, J.,

In 2011, the petitioner, Jefrey Rosario, was charged with two counts of attempted first-degree murder, one count of possession of a controlled substance with intent to sell, and one count of possession of drug paraphernalia all arising out of an incident on July 6, 2011. In 2013, the petitioner filed a motion to dismiss the attempted murder charges, claiming immunity from prosecution under Florida's

Stand Your Ground law, section 776.032, Florida Statutes (2011). The motion stated that the petitioner was present at a drug deal that went awry when two men attempted to rob the petitioner's friend while the petitioner sat in the front seat of a car playing with his phone. The petitioner claimed to have heard a "pow" and his friend saying, "They got me," after which he took a gun that was handed to him and fired. The petitioner argued that his use of force was justified under section 776.012, Florida Statutes (2011), because he reasonably believed firing the gun was necessary to prevent imminent death, great bodily harm, and also the imminent commission of a forcible felony.[1]

The State moved to strike the motion to dismiss on the grounds that the 2014 amendments to Florida's Stand Your Ground law in House Bill 89 (HB 89) prohibited the petitioner from asserting immunity where he was engaged in criminal

---

[1] Section 776.012(1), Florida Statutes (2011), provided:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat if:
>
> (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; or
>
> (2) Under those circumstances permitted pursuant to s. 776.013.

activity at the time of the shooting.[2]  In a September 5, 2014, order, the trial court

agreed with the State and denied the motion to dismiss.  The trial court found that

the petitioner had not disputed the criminal activity and that the amendments in HB

89 could be applied retroactively to the petitioner's case because the changes were

merely a clarification of existing law, not a substantive change in the law.  On

October 28, 2014, the petitioner filed a petition for writ of prohibition in this Court.

The petition argued that the trial court impermissibly applied the 2014

amendment to section 776.012, Florida Statutes (2014), retroactively to his case,

resulting in the erroneous denial of his motion to dismiss.  The petition asked this

Court to quash the order denying his motion to dismiss and remand for a hearing on

the merits of the motion.  The State's response conceded that the trial court erred in

retroactively applying the 2014 amendments to the petitioner's case; however, it

argued that a petition for writ of prohibition was an inappropriate vehicle by which

[2] On June 20, 2014, the Governor signed into law the HB 89 amendments to section 776.012, Florida Statutes (2014), which now provides, in relevant part:

> (2) A person is justified in using or threatening to use the use of deadly force and does not have a duty to retreat if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony. or (2) A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in a place where he or she has a right to be. Under those circumstances permitted pursuant to s. 776.013.

to raise the issue. The State suggested that a petition for writ of certiorari was the appropriate vehicle, but argued that this Court could not treat the instant petition as such because it was filed outside of the jurisdictional time limits for certiorari.[3] We disagree.

Florida's Stand Your Ground law is intended to establish a true immunity from charges and does not exist as merely an affirmative defense. See Peterson v. State, 983 So. 2d 27, 29 (Fla. 1st DCA 2008). The procedure for raising immunity under section 776.032 is to file a pretrial motion to dismiss under Florida Rule of Criminal Procedure 3.190(b). See Mederos v. State, 102 So. 3d 7, 11 (Fla. 1st DCA 2012). When a defendant claims Stand Your Ground immunity, a trial court "is to conduct an evidentiary hearing, the purpose of which is to consider factual disputes." Id. See also Dennis v. State, 51 So. 3d 456, 461-64 (Fla. 2010). Typically, a denial of a motion to dismiss on Stand Your Ground immunity comes before this Court following an evidentiary hearing. In these cases, a writ of prohibition is the proper vehicle by which to challenge the denial of the

---

[3] This Court typically has the discretion, under Florida Rule of Appellate Procedure 9.040(c), to treat an improper remedy as if the correct remedy had been sought. The rule also provides that it is not the responsibility of the Court to seek the correct remedy. Unlike prohibition, which is not one of the extraordinary remedies that is subject to a jurisdictional time limit, a petition for writ of certiorari must be filed within 30 days of rendition of the order to be reviewed. See Fla. R. App. Pro. 9.100(c)(1). Here, the order was rendered on September 5, 2014, and the petition was not filed until October 28, 2014. Thus, we cannot simply treat the petition as one for certiorari as it would have to be dismissed as untimely and outside of this Court's jurisdiction.

motion.  See Mederos, 102 So. 3d at 11.

Prohibition is an extraordinary remedy that is used by the discretion of the reviewing court to restrain the unlawful exercise of jurisdiction by a lower tribunal. In the context of the denial of a motion to dismiss on Stand Your Ground immunity, prohibition has typically been the preferred remedy because the issue involves a determination of whether the circuit court has continuing jurisdiction over the defendant.  See Little v. State, 111 So. 3d 214, 216 n.1 (Fla. 2d DCA 2013) (treating a petition for certiorari seeking review of an order denying a motion to dismiss on Stand Your Ground immunity following an evidentiary hearing as a writ of prohibition, "which the supreme court has consistently held is an appropriate vehicle to review orders denying motions to dismiss in criminal prosecutions based on immunity.").

In arguing against the writ of prohibition, the State suggests that prohibition is a preventative, not corrective, remedy; therefore, prohibition would not lie to correct the erroneous denial of the motion to dismiss, which has already occurred. The State argues that because this case is not seeking review of the denial on the merits, but rather seeks a correction of a trial court error resulting in the denial of due process, certiorari would be the appropriate remedy.  We disagree with the State's restrictive interpretation of the error on review.  Technically, the alleged error is the trial court's denial of the motion to dismiss without conducting an evidentiary hearing, but the true harm to follow the error would arise from any further improper

5

exercise of judicial power over the petitioner. In other words, the writ of prohibition here still seeks to prohibit the trial court from continuing to exercise its jurisdiction by proceeding to trial after having removed the petitioner's Stand Your Ground defense without analyzing the applicability of that defense. Characterized this way, the petition for writ of prohibition here actually seeks a preventative, not a corrective, remedy.

The State also argues that the petitioner never contested the jurisdiction of the trial court. The failure of the petitioner to use the term "jurisdiction" should not function as a bar to considering the merits of his petition. The question of whether the petitioner is immune from prosecution may also be stated as a question of whether the trial court has jurisdiction to try him. See Joseph v. State, 103 So. 3d 227, 229 (Fla. 4th DCA 2012).

Other Districts have also granted prohibition following the denial of a motion to dismiss without an evidentiary hearing. See e.g., Prof'l Roofing & Sales, Inc. v. Flemming, 138 So. 3d 524, 525 (Fla. 3d DCA 2014); Heilman v. State, 135 So. 3d 513, 514 (Fla. 5th DCA 2014). We decline the State's invitation to dismiss the petition for writ of prohibition as the incorrect vehicle and consider the merits of the petition.

The State has properly conceded that the trial court erred in applying the 2014 HB 89 amendments retroactively to the petitioner's case. The shooting here occurred in 2011; therefore, the petitioner was entitled to application of the 2011

version of section 776.012(1), which did not prohibit a defendant engaged in unlawful activity from attempting to seek Stand Your Ground immunity. See Dorsey v. State, 149 So. 3d 144, 146 n.2 (Fla. 4th DCA 2014); McGriff v. State, 160 So. 3d 167, 168-69 (Fla. 1st DCA 2015). Accordingly, we grant the petition for writ of prohibition and remand for an evidentiary hearing on the appellant's motion to invoke Stand Your Ground immunity.

GRANTED.

WETHERELL and OSTERHAUS, JJ., CONCUR.