# Supreme Court of Florida

_____

No. SC17-1978
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**PETER PERAZA,**
Respondent.

December 13, 2018

LAWSON, J.

This case is before the Court for review of *State v. Peraza*, 226 So. 3d 937 (Fla. 4th DCA 2017). In *Peraza*, the Fourth District Court of Appeal certified that its decision directly conflicts with *State v. Caamano*, 105 So. 3d 18 (Fla. 2nd DCA 2012), on the same question of law. The Fourth District also ruled upon and certified the following question as one of great public importance:

> WHETHER A LAW ENFORCEMENT OFFICER, WHO WHILE MAKING A LAWFUL ARREST, USES DEADLY FORCE WHICH HE OR SHE REASONABLY BELIEVES IS NECESSARY TO PREVENT IMMINENT DEATH OR GREAT BODILY HARM TO HIMSELF OR HERSELF OR ANOTHER OR TO PREVENT THE IMMINENT COMMISSION OF A FORCIBLE FELONY, IS LIMITED TO INVOKING A DEFENSE UNDER SECTION 776.05(1), OR IS ALSO PERMITTED TO SEEK IMMUNITY

FROM CRIMINAL PROSECUTION UNDER SECTIONS 776.012(1) AND 776.032(1), FLORIDA STATUTES (2013), MORE COMMONLY KNOWN AS FLORIDA'S "STAND YOUR GROUND" LAW.

*Peraza*, 226 So. 3d at 948.   We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we resolve the certified conflict and answer the certified question by holding that law enforcement officers are eligible to assert Stand Your Ground immunity, as held by the Fourth District.

## BACKGROUND

On the afternoon of July 31, 2013, Jermaine McBean purchased an air rifle from a pawn shop and proceeded to carry it uncovered as he walked back to his apartment complex.  A concerned citizen called the police to report that McBean appeared distraught and was acting in an aggressive manner as he walked with a weapon, reported as a firearm.  It would later be revealed that McBean suffered from mental health disorders and had been hospitalized a week earlier after experiencing a mental breakdown.

Deputy Peter Peraza of the Broward County Sheriff's Office responded to an emergency police dispatch alerting officers to McBean's demeanor while walking down a highly trafficked public street displaying what appeared to be a shotgun or rifle.  Deputy Peraza and another deputy quickly arrived at McBean's location and, walking closely behind him, issued loud and repeated commands for McBean to stop.  Ignoring the commands, McBean turned into a nearby apartment complex

- 2 -

and continued walking toward the apartment's gated pool. McBean finally stopped alongside the pool area but kept holding the weapon while facing away from the officers. He then brought the rifle over his head, turned towards the deputies and pointed the weapon directly at them. When Deputy Peraza perceived that McBean was aiming the weapon at him, Peraza fired his gun three times and shot McBean twice, killing him. These are the facts as found by the trial court after an evidentiary hearing. Although one witness testified that McBean did not point the weapon at the deputies, the trial judge rejected this testimony and resolved all factual disputes consistently with Deputy Peraza's self-defense theory.

After being indicted for manslaughter with a firearm, Deputy Peraza moved to dismiss the indictment, citing immunity from prosecution under sections 776.012(1) and 776.032(1), Florida Statutes (2013), commonly known as Florida's "Stand Your Ground" law, and under section 776.05, Florida Statutes (2013). After the evidentiary hearing, the judge made the findings set forth above and granted Deputy Peraza's motion to dismiss based upon Stand Your Ground immunity.

The State appealed, arguing that law enforcement officers are not eligible to assert immunity pursuant to the Stand Your Ground law because they are already provided a defense pursuant to section 776.05, which involves the justifiable use of force when making a lawful arrest. The State's argument on appeal was consistent

with the holding in *Caamano*, 105 So. 3d at 22. Significantly, a defense pursuant to section 776.05 (which does not use the term "immunity") is not subject to pre-trial determination when facts are in dispute, and may only be presented as a defense at trial, before a jury.

The Fourth District disagreed with *Caamano* and held that a police officer making a lawful arrest may claim Stand Your Ground immunity and thereby secure a pre-trial immunity determination, just like any other person acting in self-defense in Florida. *Peraza*, 226 So. 3d at 947.[1]

## ANALYSIS

The certified question presents an issue of statutory construction, which we review de novo. *Borden v. East-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006). The starting point for any statutory construction issue is the language of the statute itself—and a determination of whether that language plainly and unambiguously answers the question presented. *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) ("[W]hen the language of a statute is clear and unambiguous and

---

1. The Fourth District also found this case distinguishable from *Caamano* based upon a secondary finding by the trial court that Deputy Peraza was not making an arrest when he shot McBean. *Peraza*, 226 So. 3d at 946. This is legally significant because section 776.05 immunity only applies when an officer is making an arrest. § 776.05(1), Fla. Stat. (2013). Because we have jurisdiction based upon the certified conflict, *see* art. V, § 3(b)(4), Fla. Const., and the certified question, *see id.*, we have elected to address the issue presented by the certified question, which renders analysis of the distinguishing fact unnecessary.

conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.") (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (1931). This Court is "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications." *Id.* (emphasis omitted) (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

Section 776.012, part of the Stand Your Ground law, provides in pertinent part that

> a person is justified in the use of deadly force and does not have a duty to retreat if:
>     (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another . . . .

§ 776.012(2), Fla. Stat. (2013). Section 776.032, titled "Immunity from criminal prosecution and civil action for justifiable use of force," and also part of the Stand Your Ground law, provides in relevant part that

> [a] person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and *is immune from criminal prosecution* and civil action for the use of such force . . . .

§ 776.032(1), Fla. Stat. (2013) (emphasis added).

Because these statutes plainly and unambiguously afford Stand Your Ground immunity to any "person" who acts in self-defense, there should be no reason for further analysis. *See Holly*, 450 So. 2d at 219. Put simply, a law enforcement

- 5 -

officer is a "person" whether on duty or off, and irrespective of whether the officer is making an arrest. Although neither of the two statutes defines the word "person," it must be given its "plain and ordinary meaning." *Green v. State*, 604 So. 2d 471, 473 (Fla. 1992). In common understanding, "person" refers to a "human being," *Webster's Third New International Dictionary* 1686 (1993 ed.), which is not occupation-specific and plainly includes human beings serving as law enforcement officers.

In reaching its contrary conclusion, the Second District Court of Appeal reasoned:

> In construing a statute, a court's purpose is to give effect to legislative intent, which is the polestar that guides the court in statutory construction. In order to determine legislative intent, one must first look to the actual wording of the statute and give it its appropriate meaning. Then, the doctrine of in pari materia applies. This doctrine is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent. Consequently, related statutory provisions must be read together to achieve a consistent whole and where possible, courts must give full effect to all statutory provisions in harmony with one another.
> Further, when construing multiple statutes addressing similar subjects, the specific statute . . . covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.

*Caamano*, 105 So. 3d at 20-21 (internal quotation marks and citations omitted).

The Fourth District criticized the *Caamano* court's analysis, explaining:

The source of our disagreement with *Caamano* appears to arise from the following statement from that case: "In order to determine legislative intent, one must first look to the actual wording of the statute and give it its appropriate meaning. *Then, the doctrine of in pari materia applies*." 105 So. 3d at 20 (emphasis added). Respectfully, to suggest that the doctrine of in pari materia applies in every case is incorrect as a matter of law. As the circuit court correctly found in this case, because sections 776.012(1)'s and 776.032(1)'s plain language is clear and unambiguous, *Caamano* "need not have gone into the doctrine of *in pari materia* at all." *See English v. State*, 191 So. 3d 448, 450 (Fla. 2016) ("When the statutory language is clear or unambiguous, this Court need not look behind the statute's plain language *or employ principles of statutory construction* to determine legislative intent.") (emphasis added).

226 So. 3d at 947.

Although we generally agree with the Fourth District's analysis, we also recognize that the Second District was attempting to harmonize arguably related statutes. As the Second District's analysis recognizes, given the question presented in this case and the arguments made, some consideration of section 776.05, Fla. Stat., is necessary in order to determine whether it creates an ambiguity not otherwise apparent on the face of sections 776.012(1) and 776.032(1), Fla. Stat. This is true because "[w]here possible, courts must give effect to *all* statutory provisions and construe related statutory provisions in harmony with one another." *M.W. v. Davis*, 756 So. 2d 90, 101 (Fla. 2000) (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992)).

Section 776.05 was originally enacted in 1974, *see* chapter 74-383, Laws of Florida, and in relevant part provides that "[a] law enforcement officer . . . need not

- 7 -

retreat or desist from efforts to make a lawful arrest because of resistance . . . [and is] justified in the use of any force . . . [w]hich he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest." § 776.05, Fla. Stat. At the heart of the State's argument lies the observation that the defense recognized in this law enforcement use of force statute, section 776.05, may overlap in some cases with the defense created in section 776.012 ("[A] person is justified in the use of deadly force and does not have a duty to retreat if . . . [h]e or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another"). In other words, there may be cases in which a person justified in the use of deadly force under section 776.012 is also a law enforcement officer justified in the use of force under section 776.05. In such cases, two different statutes would authorize a defense against criminal or civil liability. Giving effect to *all* statutory provisions in such cases necessarily means that a law enforcement officer who claims that his or her use of force was justified under both statutes must be permitted to assert a defense under either or both—because the Legislature plainly provided for both defenses and there is nothing in the actual language of either statute that purports to abrogate the other.

More importantly, what Deputy Peraza is asserting here is not simply a defense. Deputy Peraza is asserting immunity from prosecution. Therefore, the

real question, clearly and precisely framed, is whether Deputy Peraza is "immune from criminal prosecution" such that he is entitled to a pretrial immunity determination. That immunity is addressed *only* in section 776.032(1), which plainly says that the immunity is afforded to any "person who uses force as permitted in s. 776.012." § 776.032(1). The State has pointed to no language from any statute, including section 776.05, that could reasonably be read as negating the plain and unambiguous language of the only statute affording the pretrial immunity determination that Deputy Peraza seeks.

We also recognize that the Second District's analysis reflects a good faith attempt to ferret out what the Legislature "intended" when it enacted a defense that partially overlapped a pre-existing defense. Although this Court has at times heralded the search for legislative "intent" as the first step and ultimate goal of *all* statutory analysis, *see, e.g.*, *Bankston v. Brennan*, 507 So. 2d 1385, 1387 (Fla. 1987), we have also treated inquiry into the Legislature's "intent" as a secondary analysis to be employed when construing an ambiguous statute. *See, e.g.*, *Lowry v. Parole & Probation Comm'n*, 473 So. 2d 1248, 1249 (Fla. 1985).[2] Moreover, this

---

2. Because "there is no occasion for resorting to the [secondary] rules of statutory interpretation and construction" when "the language of the statute is clear and unambiguous and conveys a clear and definite meaning," *Holly*, 450 So. 2d at 219, these different directives are arguably at odds. *See Shoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 312-14 (Fla. 2017) (Lawson, J., concurring in part and dissenting in part).

Court has held that "[e]ven where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity." *St. Petersburg Bank & Trust Co. v. Hamm*, 414 So. 2d 1071, 1073 (Fla. 1982) (quoting *Van Pelt v. Hilliard*, 78 So. 693, 694 (Fla. 1918)). Because even a clearly discernible Legislative intent cannot change the meaning of a plainly worded statute, it would only confuse matters to focus on what the Legislature might have intended rather than what the statute actually says. As recently explained in *Shepard v. State*, 43 Fla. L. Weekly S546, S547-48 (Fla. Nov. 1, 2018), "where the Court is tasked with construing a statute, our first (and often only) step . . . is to ask what the Legislature actually said in the statute, based upon the common meaning of the words used." (Internal quotation marks and citation omitted.) Here, the plain language of section 776.032(1) answers the question presented.

## CONCLUSION

For the foregoing reasons, we resolve the certified conflict and answer the certified question by holding that law enforcement officers are eligible to assert Stand Your Ground immunity, even when the use of force occurred in the course of making a lawful arrest. Based upon the trial court's findings of fact, Deputy Peraza is entitled to that immunity and is therefore immune from criminal

prosecution.  Accordingly, we approve the Fourth District's decision and disapprove the Second District's decision.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and LABARGA, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions and Certified Great Public Importance

Fourth District - Case No. 4D16-2675

(Broward County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Celia Terenzio, Chief Assistant Attorney General, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, Florida,

for Petitioner

Eric T. Schwartzreich and Anthony J. Bruno of Schwartzreich & Associates, P.A., Fort Lauderdale, Florida,

for Respondent

Robert C. Buschel and Eugene G. Gibbons of Buschel Gibbons, P.A., Fort Lauderdale, Florida,

for Amicus Curiae Fraternal Order of Police, Lodge #31