# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2926
_____

CLARK DANIEL MAYERS,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition – Original Jurisdiction.

December 17, 2018

BILBREY, J.

Petitioner Clark Daniel Mayers seeks a writ of prohibition directing the trial court to dismiss the second degree murder and attempted first degree murder charges currently pending against him based on the Stand Your Ground immunity provided in section 776.032, Florida Statutes. The charges against Petitioner arose out of an incident which occurred on March 5, 2015. After conducting an immunity hearing on February 23, 2018, the trial court entered a detailed written order which determined that the evidence as to whether Petitioner was acting in self-defense was inconclusive. The trial court held that a defendant had the burden to prove immunity because an amendment to section 776.032 applied only prospectively and as such denied immunity to Petitioner. The trial court also held in the alternative that had the burden of proof been on the State, the State failed to meet its

burden to show that Petitioner was not entitled to immunity. Because we have recently approved the retroactive application of chapter 2017-72, §§ 1-2, Laws of Florida, which took effect June 9, 2017, and which shifted the burden of proof from the defendant to the prosecution, we grant the petition.[1]  *See* § 776.032(4), Fla. Stat.

In *Commander v. State*, 246 So. 3d 1303 (Fla. 1st DCA 2018), we were faced with the question of the retroactive application of the amendment to section 776.032(4).  There, the State conceded error on appeal because the prosecutor had agreed "the state had the burden to prove that [defendant] was not immune from prosecution under the Stand Your Ground law."  *Commander,* 246 So. 3d at 1303.  We accepted the State's concession of error in *Commander* and cited with approval *Martin v. State*, 43 Fla. L. Weekly D1016, 2018 WL 2074171 (Fla. 2d DCA May 4, 2018).  In *Martin,* the Second District determined that the statutory amendment to section 776.032(4) was procedural and therefore should be applied retroactively to shift the burden from the defendant to the prosecution.[2]

---

[1] "In the context of the denial of a motion to dismiss on Stand Your Ground immunity, prohibition has typically been the preferred remedy because the issue involves a determination of whether the circuit court has continuing jurisdiction over the defendant."  *Rosario v. State*, 165 So. 3d 852, 854 (Fla. 1st DCA 2015).

[2] Because the burden of proof in a criminal prosecution stems from "the presumption of innocence which attends the defendant throughout the trial," Florida's civil case precedent relied on in *Martin* in holding the burden of proof to be procedural and not substantive would not apply to the State's burden of proof at trial for the offenses charged.  *See Reynolds v. State*, 332 So. 2d 27, 29 (Fla. 1st DCA 1976); s*ee also Estelle v. Williams*, 425 U.S. 501, 503 (1976) (holding that the "presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial"); *Cordell v. State*, 157 Fla. 295, 296, 25 So. 2d 885, 886 (1946) (holding that the presumption of innocence is fundamental law and well-established in Florida).

In *Edwards v. State*, 43 Fla. L. Weekly D2345, D2345 n.1, 2018 WL 4997631, *1 n.1 (Fla. 1st DCA Oct. 16, 2018), we read *Commander* to mean that "in this district we have applied the amendment retroactively." The retroactive application of the statute was also approved by the Fifth District in *Fuller v. State*, 43 Fla. L. Weekly D2237, 2018 WL 4659067 (Fla. 5th DCA Sept. 28, 2018).

The Third and Fourth Districts have set forth cogent arguments that the retroactive application of the amendment to the burden of proof would violate the savings clause in article X, section 9 of the Florida Constitution. *See Love v. State*, 247 So. 3d 609 (Fla. 3d DCA 2018), *rev. granted*, SC 18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018); *Hight v. State,* 43 Fla. L. Weekly D1800, 2018 WL 3769191 (Fla. 4th DCA Aug. 8, 2018). The courts in *Love* and *Hight* held therefore that the amendment to section 776.032(4) operated only prospectively. The court in *Hight* recognized that we held to the contrary in *Commander* and certified conflict. Ultimately, the Florida Supreme Court will have to determine which view is correct, and we therefore certify conflict with *Love* and *Hight*.

Based on *Commander, Martin,* and *Fuller*, we grant the petition, quash the order denying Petitioner's motion to dismiss, and remand for the trial court to discharge Petitioner pursuant to the trial court's alternative finding that the State did not meet its burden if the amendment to the burden of proof in section 776.032(4) was applied retroactively.

PETITION GRANTED; CONFLICT CERTIFIED.

ROBERTS and MAKAR, JJ., concur.

───────────────────────────

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

───────────────────────────

3

Michael Ufferman, Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Respondent.

4