DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER KRICKOVICH,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-842

[February 9, 2022]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jill K. Levy, Judge; L.T. Case Nos. 19-007002MM10A and 20-006002MM10A.

Jeremy J. Kroll of Dutko & Kroll, P.A., Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for respondent.

GROSS, J.

Christopher Krickovich, a deputy sheriff, petitions for a writ of prohibition to prevent his prosecution for two counts of misdemeanor battery on a juvenile. Petitioner alleges that he has both Stand Your Ground immunity under section 776.032, Florida Statutes (2018), and immunity from prosecution under section 870.05, Florida Statutes (2018), which justifies an officer's use of force to disperse an unlawful assembly.[1]

We deny the petition. The trial court's refusal to grant petitioner Stand Your Ground Immunity was supported by the evidence at the Stand Your Ground hearing, which included video evidence.

Petitioner complains that because the trial court granted immunity to another officer, he was entitled to similar treatment. However, the conduct

---

[1] The 2018 statutes were still in effect on April 18, 2019, the date of the incident. *See* Ch. 2019-2, § 1, Laws of Fla. (eff. July 3, 2019).

of the officers was not the same.[2]  The first officer merely pushed the juvenile to the ground.  The juvenile was already face down on the ground when petitioner positioned himself over him and hit the juvenile's face once into the pavement.  Petitioner had the juvenile pinned down, holding his head and neck with both hands before he released his right hand and punched him once in the head.  The juvenile may have tensed his body and lifted his face from the pavement, but the video from petitioner's body camera does not show the juvenile actively resisting arrest.

We write primarily to address petitioner's argument that he was entitled to immunity under section 870.05, Florida Statutes (2018).  We hold that section 870.05 is not an immunity statute; rather, the statute creates a defense available at trial.

Section 870.05 must be read in conjunction with section 870.04.  Both statutes were enacted together in 1868.  *See* Ch. 1637, subc. 7, §§ 1, 2, and 6, Laws of Fla. (1868).  Section 870.04 provides, in pertinent part:

> If any number of persons, whether armed or not, are unlawfully, riotously, or tumultuously assembled in any county, city, or municipality, the sheriff or the sheriff's deputies, or the mayor, or any commissioner, council member, alderman, or police officer of the city or municipality . . . shall go among the persons so assembled, or as near to them as may be done with safety, and shall in the name of the state command all the persons so assembled immediately and peaceably to disperse.  If such persons do not thereupon immediately and peaceably disperse, such officers shall command the assistance of all such persons in seizing, arresting, and securing such persons in custody.  If any person present being so commanded to aid and assist in seizing and securing such rioter or persons so unlawfully assembled, or in suppressing such riot or unlawful assembly, refuses or neglects to obey such command, or, when required by such officers to depart from the place, refuses and neglects to do so, the person shall be deemed one of the rioters or persons unlawfully assembled, and may be prosecuted and punished accordingly.

§ 870.04, Fla. Stat. (2018).

---

[2] The other officer's conduct is the subject of the appeal in *State v. Lacerra*, 4D21-399.

Section 870.05 states:

> If, by reason of the efforts made by any of said officers or by their direction to disperse such assembly, or to seize and secure the persons composing the same, who have refused to disperse, any such person or other person present is killed or wounded, the said officers and all persons acting by their order or under their direction, **shall be held guiltless and fully justified in law**; and if any of said officers or any person acting under or by their direction is killed or wounded, all persons so assembled and all other persons present who when commanded refused to aid and assist said officer shall be held answerable therefor.

§ 870.05, Fla. Stat. (2018) (emphasis supplied).

Section 870.05 uses language consistent with a defense at trial ("shall be held guiltless and fully justified in law"), not immunity. "Justification" and "guilt" are trial concepts. For example, section 776.05, Florida Statutes (2018), describes situations where a law enforcement officer "is justified in the use of any force." The Florida Supreme Court has recognized that such language is consistent with a defense at trial, as opposed to a statute, such as section 776.032, that plainly affords pretrial immunity. *See, e.g., State v. Peraza*, 259 So. 3d 728, 732 (Fla. 2018).

Although it was considering section 870.05 in a civil context, the Florida Supreme Court's discussion in *Cleveland v. City of Miami*, 263 So. 2d 573 (Fla. 1972), supports the notion that the statute provides a defense at trial rather than pretrial immunity. The supreme court explained when the statute applies:

> Before F.S. Section 870.05, F.S.A. can be used to absolve a policeman of liability for a death it must be shown to the satisfaction of the trial judge and jury that the killing occurred during (1) an unlawful riotous or tumultuous assembly; And (2) while the police were attempting to disperse the assembly or seize its members who refused to disperse.

*Id.* at 576. The reference to the "trial judge and jury" indicates that the court viewed section 870.05 as a defense at trial.

Nothing in section 870.05 suggests a legislative intent to provide for immunity. This is in contrast to section 776.032, which expressly provides for immunity.

The Petition for Writ of Prohibition is denied.

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***