IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MEAGAN CORBETT,

     Petitioner,

 v.
                                      Case No. 5D21-3166
                                      LT Case No. 21-MM-002429-A-O

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed May 13, 2022

Petition for Writ of Prohibition,
Evellen H. Jewett, Respondent Judge.

Robert Wesley, Public Defender, and
Robert Thompson Adams, IV, and Ali
Almamluk, Assistant Public Defenders,
Orlando, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Richard A. Pallas, Jr.,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM

     Petitioner, Meagan Corbett, charged with one count of simple battery,

filed a motion in county court seeking to dismiss that charge based on

Florida's Stand Your Ground immunity, section 776.032, Florida Statutes (2021). At the hearing on Corbett's motion, the defense argued that the State had the burden of proof. The State, however, argued that the burden of proof was on Corbett to show by a preponderance of evidence that she was entitled to immunity under the statute. The court agreed with the State, required Corbett to present evidence, and following the hearing, concluded that Corbett did not meet her burden of proving that immunity attached and denied her motion to dismiss.

Corbett filed a petition for writ of prohibition, arguing that the trial court incorrectly ruled that she had the burden to prove that she was entitled to statutory immunity, that she did not establish a *prima facie* claim of immunity, and incorrectly applied the preponderance of the evidence standard used by an older version of the Stand Your Ground statute. We agree with Corbett that the trial court employed an incorrect procedure when ruling on her motion, but for the reasons set forth below, we are compelled to deny relief.

Corbett argues before our Court that the use of prohibition has been the established method when one seeks to review orders denying motions to dismiss based on Stand Your Ground immunity. Specifically, since Bretherick v. State, 135 So. 3d 337, 339–40 (Fla. 5th DCA 2013), aff'd, 170 So. 3d 776 (Fla. 2015), prohibition has been the recognized vehicle for

challenging Stand Your Ground denials, even when the denials were based on procedural grounds. Corbett further relies on Heilman v. State, 135 So. 3d 513 (Fla. 5th DCA 2014), in which we granted a petition for writ of prohibition and remanded for an evidentiary hearing where the trial court denied the Stand Your Ground motion without an evidentiary hearing.

Typically, a writ of prohibition is the appropriate method for obtaining review before trial of the denial on the merits of a motion to dismiss under the Stand Your Ground statute. Mederos v. State, 102 So. 3d 7, 11 (Fla. 1st DCA 2012). This is because a "lower court has no authority to proceed against an immunized defendant." Jefferson v. State, 264 So. 3d 1019, 1023 (Fla. 2d DCA 2018) (citing Little v. State, 111 So. 3d 214, 216 n.1 (Fla. 2d DCA 2013) (explaining that "the supreme court has consistently held" that prohibition "is an appropriate vehicle to review orders denying motions to dismiss criminal prosecutions based on immunity")).

However, within the last few years, the Second District has recognized in a series of cases that where the issue is procedural, e.g., whether the trial court applied the correct evidentiary burden, rather than substantive, e.g., whether the defendant is entitled to immunity, then prohibition is not the appropriate remedy. See Rich v. State, 311 So. 3d 126, 130 (Fla. 2d DCA 2020) ("Recently, our court expanded the circumstances in which immunity

3

claim rulings under section 776.032 may alternatively be considered in certiorari . . . . However, an elemental requisite of our court's certiorari jurisdiction is a definitive ruling on the merits by the lower tribunal of whatever it is the petitioner would have us review."); Garcia v. State, 286 So. 3d 348, 350 (Fla. 2d DCA 2019) ("[B]ecause the trial court erred in its construction of the Stand Your Ground statute, we are unable to determine whether Mr. Garcia is entitled to immunity on the merits. Thus, prohibition is not the appropriate vehicle under which to proceed. We best proceed under our certiorari jurisdiction."); Jefferson, 264 So. 3d at 1023 ("[Where] petitioner challenges the procedure the circuit court employed in denying his motion to dismiss . . . we cannot discern whether petitioner is entitled to immunity on the merits, and therefore prohibition is not the proper vehicle to review the alleged error."); Figueroa v. State, 247 So. 3d 451 (Fla. 2d DCA 2018) (treating petition for writ of prohibition as petition for writ of certiorari and granting because trial court departed from essential requirements of law by not applying section 776.032, Florida Statutes (2017)).

The Third and First Districts have also issued recent opinions in which the courts addressed Stand Your Ground procedural errors in petitions for writ of certiorari. Penalver v. State, 47 Fla. L. Weekly D320 (Fla. 3d DCA Feb. 2, 2022) (reviewing order dismissing motion to dismiss based on Stand

Your Ground immunity by petition for writ of certiorari); Bailey v. State, 333 So. 3d 761, 763 (Fla. 3d DCA 2022) ("This court has certiorari jurisdiction to review the denial of a motion for statutory immunity."); Casanova v. State, 46 Fla. L. Weekly D2326 (Fla. 3d DCA Oct. 27, 2021); Rogers v. State, 301 So. 3d 1083 (Fla. 1st DCA 2020).

This Court, however, has not directly addressed the issue of when a petitioner should file a petition for writ of prohibition or a writ of certiorari to review orders denying Stand Your Ground immunity. As Corbett notes in this case, confusion on the issue may derive from our opinion in Bretherick, where we held that "the appropriate vehicle to obtain review before trial of the denial of a 'Stand Your Ground' motion invoking self-defense immunity is by petition for writ of prohibition." Bretherick, 135 So. 3d at 339–40. Bretherick dealt with which party had the burden of proof (pre-statutory amendment), but it also discussed the merits of the immunity claim and whether the findings were supported by competent, substantial evidence.

We take this opportunity to clarify our position on this issue by joining the majority of our sister courts and holding that the determination of whether the order denying Stand Your Ground immunity is reviewable by certiorari or prohibition rests on the judicial acts challenged in the petition. If the defendant asserts that on the merits he or she is entitled to immunity, is

5

challenging the legal determinations and factual findings of immunity or lack of immunity, and the relief to be afforded is prohibition against further prosecution, then a petition for writ of prohibition is appropriate to review the claim. "[P]rohibition's 'purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered.'" Stokes v. Jones, 319 So. 3d 166, 170−71 (Fla. 1st DCA 2021) (quoting Hamlin v. E. Coast Props., Inc., 616 So. 2d 1175, 1176 (Fla. 1st DCA 1993)).

However, if the defendant asserts that the trial court applied the wrong procedure, and the relief requested would require remand for further proceedings on the defendant's motion, then prohibition is not appropriate because the defendant is seeking correction of an order. An appellate court cannot determine whether the trial court's legal conclusions on immunity are correct when the trial court employs the wrong evidentiary burdens. While the defendant may seek a writ of prohibition to prevent further prosecution in this scenario, the appropriate relief in such situations is for the order under review to be quashed and the matter remanded for further proceedings. Therefore, certiorari relief is more appropriate.

Here, because the trial court applied both an improper procedure and the wrong evidentiary burden, and both the court's oral and written rulings

are ambiguous as to what burden it applied when "weighing all the evidence," this Court cannot determine the merits of the immunity decision. The relief Corbett seeks is another hearing as required by section 776.032. A writ of certiorari is the proper mechanism to provide this relief.

By this opinion, we express our agreement with the series of cases holding that procedural errors regarding Stand Your Ground motions should be raised in a petition for writ of certiorari rather than a petition for writ of prohibition. Because Corbett's petition challenges the procedure employed below, we treat it as a petition for certiorari. However, doing so compels us to dismiss the petition as untimely.[1]

PETITION DISMISSED.

COHEN, HARRIS and SASSO, JJ., concur.

---

[1] We acknowledge the absence of prior delineation from this Court as to which petition should be filed and under what circumstances when challenging the denial of a Stand Your Ground motion. However, we note that the cases and analysis adopted by our opinion today in holding that certiorari is the proper vehicle when challenging the lower court on procedural grounds were not only in existence at the time Corbett filed her petition but were in fact cited by her at length therein. See, e.g., Jefferson, 264 So. 3d at 1023; Rich, 311 So. 3d at 129.