363 So.2d 564 (1978)
SAILBOAT APARTMENT CORP., a Florida Corporation, et al., Plaintiffs Counterdefendants,
v.
CHASE MANHATTAN MORTGAGE AND REALTY TRUST, Defendant Counterplaintiff.
No. 78-416.
District Court of Appeal of Florida, Third District.
August 15, 1978.
Rehearing Denied November 17, 1978.
*565 Arky, Freed, Stearns, Watson & Greer and Bruce W. Greer, Miami, for plaintiffs/counterdefendants.
Smathers & Thompson and Linwood Anderson, Miami, for defendant/counterplaintiff.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.) Associate Judge.
HAVERFIELD, Chief Judge.
This appeal is presented for determination by way of certified question pursuant to Fla.App.R. 4.6 (1962 Revision).
The undisputed facts are as follows:
On March 12, 1974 plaintiff, Sailboat Apartment Corporation (SAC), as borrower executed a loan agreement together with a promissory note in favor of defendant, Chase Manhattan Mortgage and Realty Trust (Chase Manhattan). The note provided for a floating interest rate of 4 1/2% over the prime rate for the duration of the note which was to mature in March, 1979. The interest was collected or charged monthly.
At the time of the commencement of the transaction the prime rate was 8 3/4% and, therefore, the effective interest rate on the loan was 13 1/4% (8 3/4% plus 4 1/2%). However, the prime rate commenced to move upward *566 such that between August 1, 1974 and September 26, this rate reached a high of 12%. As a consequence, the interest on the loan for the first year (from March 12, 1974  March 12, 1975) exceeded 15%.[1] SAC paid approximately $140,000 of the interest through the summer of 1974; however, as the interest charges continued to soar (due to the rise in the prime rate), SAC refused to pay further interest and Chase Manhattan declared the loan in default. SAC filed suit in November, 1974 for usury. Chase Manhattan counterclaimed for foreclosure. Chase Manhattan argues that the variable interest charges are to be spread over the entire term of the loan under Section 687.03, Florida Statutes. To the contrary SAC contends that this statute provides only for the spreading of advances and forbearances. The trial judge has certified the following questions:
I.
WHETHER VARIABLE INTEREST CHARGES ARE TO BE "SPREAD" OVER THE LIFE OF A LOAN UNDER § 687.03(3), FLORIDA STATUTES.
II.
IF 687.03(3) PROVIDES ONLY FOR THE "SPREADING" OF ADVANCES AND FORBEARANCES, ARE VARIABLE INTEREST CHARGES TO BE SPREAD UNDER THE GENERAL RULE THAT THE ENTIRE TERM OF THE LOAN MUST BE CONSIDERED IN DETERMINING WHETHER A CONTRACT IS USURIOUS.
We first note that at the time of the execution of the loan transaction, the subject statute [Section 687.03, Florida Statutes (1973)] read as follows:
"* 687.03 Unlawful rates of interest defined; proviso.  It shall be usury and unlawful for any person, or for any agent, officer or other representative of any person, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, except upon an obligation of a corporation, a rate of interest greater than ten per cent per annum, either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten per cent; and such transactions with a corporation shall, whereby the corporation pays interest, be usury and unlawful if for a rate of interest greater than fifteen percent per annum; however, if any loan, advance of money, forbearance to enforce the collection of any debt, or contract exceeds $500,000 in amount or value, it shall not be usury or unlawful to reserve, charge, or take interest thereon unless the rate of interest exceeds 15 percent per annum. The provisions of this section shall not apply to sales of bonds in excess of one hundred dollars and mortgages securing the same or money loaned on bonds. For the purpose of this section and § 687.02, the rate of interest on any loan of money shall be determined and computed upon the assumption that the debt will be paid according to the agreed terms, and in the event said loan is paid or collected by court action prior to the term of said loan, any payments charged, reserved, or taken as an advance or forbearance which are in the nature of, and taken into account in the calculation of, interest shall be spread over the stated term of the loan for the purpose of determining the rate of interest." [Emphasis Supplied]
On June 18, 1974 this statute was amended and reads:[2]
"687.03 `Unlawful rates of interest' defined; proviso. 
"(1) It shall be usury and unlawful for any person, or for any agent, officer or other representative of any person, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum *567 of money, except upon an obligation of a corporation, a rate of interest greater than ten percent per annum, either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten percent; and such transactions with a corporation shall, whereby the corporation pays interest, be usury and unlawful if for a rate of interest greater than fifteen percent per annum; however, if any loan, advance of money, forbearance to enforce the collection of any debt, or contract exceeds $500,000 in amount or value, it shall not be usury or unlawful to reserve, charge, or take interest thereon unless the rate of interest exceeds 15 per cent per annum. The provisions of this section shall not apply to sales of bonds in excess of $100 and mortgages securing the same, or money loaned on bonds.
"(2) For the purpose of this chapter, the rate of interest on any loan of money shall be determined and computed upon the assumption that the debt will be paid according to the agreed terms, whether or not said loan is paid or collected by court action prior to the term of said loan, and any payments or property charged, reserved, or taken as an advance or forbearance which are in the nature of, and taken into account in the calculation of, interest shall be valued as of the date received and shall be spread over the stated term of the loan for the purpose of determining the rate of interest. Moreover, for the purposes of this chapter, a loan shall be deemed a loan which exceeds $500,000 in amount or value if: .. ." [Emphasis Supplied]
Again this statute was amended in 1977 as follows:[3]
"687.03 `Unlawful rates of interest' defined; proviso. 
* * * * * *
"(3) For the purpose of this chapter, the rate of interest on any loan of money shall be determined and computed upon the assumption that the debt will be paid according to the agreed terms, whether or not said loan is paid or collected by court action prior to the term of said loan, and any payment or property charged, reserved, or taken as an advance or forbearance, which is in the nature of, and taken into account in the calculation of, interest shall be valued as of the date received and shall be spread over the stated term of the loan for the purpose of determining the rate of interest. The spreading of any such advance or forbearance for the purpose of computing [the rate of] interest shall be calculated by first computing the advance or forbearance as a percentage of the total stated amount of the loan. This percentage shall then be divided by the number of years, and fractions thereof, of the loan according to its stated maturity date, without regard to early maturity in the event of default. The resulting annual percentage rate shall then be added to the stated ..." [Emphasis Supplied]
Since an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty, such a penalty is not immune from statutory repeal or modification and the enactment of legislation to that effect abates such penalty even during the pending of an appeal from a final judgment predicated on such statutory penalty. Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla. 1969). While it appears then that Section 687.03, Florida Statutes (1977) is controlling, that statute provides that it is to operate prospectively. See Section 687.03(2)(b), Florida Statutes (1977). Therefore, under the holding in Tel Service Co., supra, Section 687.03(2), Florida Statutes (1975) is controlling. However, because of the similarity of language in all three versions, the disposition would be the same.
*568 To determine the legislative intent, the court must look to the plain language of the statute which is to be taken, construed and applied in the form enacted. Thayer v. State, 335 So.2d 815 (Fla. 1976). Further, the legislature is presumed to know the meaning of words and the rules of grammar and the court will give the generally accepted construction to both the phraseology of the act and the manner in which it is punctuated. Florida State Racing Commission v. Bourquardez, 42 So.2d 87 (Fla. 1949).
Applying these rules of construction, we conclude that the plain meaning of the statute is that only an advance or forbearance may be spread over the loan and all three verbs "charged", "reserved" or "taken" refer to a method by which an advance or forbearance is collected. Chase Manhattan's argument that only the word "taken" is modified by the phrase "as an advance or forbearance" is contrary to the plain meaning of the statute.
Although Section 687.03, Florida Statutes (1977) is not controlling, nevertheless our conclusion above is reinforced by its title, Chapter 77-374, Laws of Florida (1977):
"CHAPTER 77-374
"Senate Bill No. 1437
"ACT relating to interest and usury; amending s. 687.03(3), Florida Statutes, 1976 Supplement; providing a method for spreading an advance or forbearance over the stated term of a loan in order to compute the effective rate of interest; providing an effective date."
This title clearly demonstrates the legislative intent that only an advance or forbearance is to be spread over the stated term of a loan by providing a method therefor.
If the legislature had intended that any payments other than advance or forbearances, such as variable or floating interest charges, be spread over the stated term of the loan, then it would have also provided a method for calculating such payments.
In addition, if Chase Manhattan's interpretation was accepted, then we would have the absurd result of a borrower having to wait until the final maturity of a loan before he or she may have a cause of action for usury.
We, therefore, answer both certified questions in the negative.
NOTES
[1] 15.45% to be exact.
[2] See Laws of Florida, Chapter 74-232 (1974).
[3] See Laws of Florida, Chapter 77-374 (1977).