CASANUEVA, Judge.
 

 The State appeals the trial court’s determination that Alphonse Olando Gallo was entitled to immunity from prosecution for the second-degree murder of Patrick Barbour. We affirm.
 

 Mr. Barbour’s unfortunate death resulted from events reminiscent of the “Shootout at the OK Corral.”
 
 [1]
 
 At around 2:30 in the morning, Mr. Gallo and Mr. Barbour confronted each other outside of a busy night club in the Newtown area of Sarasota. They argued regarding a debt that Mr. Barbour owed Mr. Gallo. As tempers flared the argument became more physical. Eventually the minor tussling stopped and more serious threats began. The situation reached a climax, breaking out into a gunfight between at least four men in the middle of the street. Men were ducking behind cars and firing over their shoulders as they ran for cover. An officer nearby heard several of the shots and arrived at the scene quickly. When he arrived, he found Mr. Barbour on the ground in the middle of the street suffering from multiple gunshot wounds. The officer ran back to his car to collect medical equipment, but a large, hostile crowd surrounded Mr. Barbour and prevented the officer from returning to render aid. Mr. Barbour succumbed to his injuries. By the time law enforcement could secure the area, there was no sign of any of the firearms. However, law enforcement discovered twenty-six shell casings of four different types in the vicinity.
 

 Charged with the second-degree murder of Mr. Barbour, Mr. Gallo filed a motion seeking immunity from prosecution pursuant to section 776.032, Florida Statutes (2009), commonly known as the “Stand Your Ground” law. The legislature passed the law that created this section because it determined “that it is proper for law-abiding people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action for acting in defense of themselves and others.” Ch. 05-27, at 200, Laws of Fla. Section 776.032 provides that, in certain circumstances, a person may use deadly force to stand his ground against an attacker and be free from the
 
 *409
 
 fear of prosecution. The statute effectively “grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial.”
 
 Dennis v. State,
 
 51 So.3d 456, 462 (Fla.2010).
 

 In this case the trial judge held an evidentiary hearing, made determinations of credibility, weighed the numerous pieces of conflicting evidence, and set forth extensive factual findings in a nine-page written order. Based upon the preponderance of the evidence,
 
 [2]
 
 the trial judge ruled that Mr. Gallo was immune from prosecution because he had used deadly force in the manner statutorily authorized by section 776.082. We find no error in the trial court’s procedures, and its factual findings were supported by substantial, competent evidence.
 

 The legislature’s enactment of section 776.032 placed the burden of weighing the evidence in “Stand Your Ground” cases squarely upon the trial judge’s shoulders. In this case, that burden required the trial judge to make order out of the chaos that occurred in Sarasota on one fateful night in 2010. The trial judge performed that duty without legal error. Accordingly, we affirm.
 

 ALTENBERND and DAVIS, JJ., Concur.
 

 [1]
 

 .
 
 This Day in History; Shootout at the OK Corral,
 
 History com, http://www. history.com/this-day-in-history/shootout-at-the-ok-corral (last visited Nov. 30, 2011).
 

 [2]
 

 . This court has previously held that this is the appropriate standard of proof for "Stand Your Ground” motions.
 
 See Montanez v. State,
 
 24 So.3d 799, 802 (Fla. 2d DCA 2010);
 
 Horn v. State,
 
 17 So.3d 836, 839 (Fla. 2d DCA 2009);
 
 see also Peterson v. State,
 
 983 So.2d 27, 28 (Fla. 1st DCA 2008).