NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| WILLIE JEFFERSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2D18-3646 |
| STATE OF FLORIDA, | ) ) ) | |
| Respondent. | ) ) ) | |

Opinion filed December 28, 2018.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; William H.
Burgess, III, Judge.

Bob Dillinger, Public Defender, and Russell
B. Greene, Assistant Public Defender,
Clearwater, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Respondent.

BADALAMENTI, Judge.

Willie Jefferson petitions this court for a writ of prohibition seeking review

of the trial court's order summarily denying his motion to dismiss asserting Stand Your

Ground immunity from prosecution under sections 776.012(2) and 776.032(1), Florida

Statutes (2017). Interpreting the recently amended section 776.032, the Stand Your

Ground statute, the trial court held that petitioner's mere claim of entitlement to immunity in a motion to dismiss was insufficient to trigger the State's burden to overcome the claim by clear and convincing evidence. In so holding, the trial court reasoned that "the [S]tate was not required to present any evidence" at an evidentiary hearing to overcome petitioner's Stand Your Ground immunity claim until petitioner presented evidence sufficient to raise a prima facie claim. We hold that the procedure employed by the trial court to deny petitioner Stand Your Ground immunity from criminal prosecution departed from the essential requirements of the law. We thus grant the petition under our certiorari jurisdiction and quash the trial court's order. As will be explained, section 776.032(4) requires the trial court to first determine the facial sufficiency of a petitioner's motion to dismiss asserting a claim for Stand Your Ground immunity, and, if it finds the motion facially sufficient, to then conduct an evidentiary hearing where the State will have the burden to overcome the petitioner's claim by clear and convincing evidence.

## **Background**

In a criminal information, the State charged that petitioner committed second-degree murder of his roommate on September 2, 2017. Petitioner filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b), asserting Stand Your Ground immunity from prosecution because he acted in justifiable self-defense, as defined in section 776.012, in stabbing his roommate.[1]

_____

[1]Section 776.012(2) provides that "[a] person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony."

Specifically, the motion asserted that petitioner and his roommate "frequently had alcohol infused arguments" and that during these arguments his roommate regularly armed himself with a baseball bat and threatened to kill petitioner. Because of his roommate's behavior, petitioner kept a knife on his bedside table. As for the day of the events underpinning petitioner's second-degree murder charge, petitioner claimed that he awoke in his bedroom to discover his intoxicated roommate's hand in petitioner's pants pocket, where petitioner kept his money. This triggered a physical struggle between petitioner and his roommate. Petitioner claimed that his roommate was on top of him when they both reached for petitioner's knife. He further claimed that he feared for his life as they struggled over the knife. The struggle continued throughout the residence. While in the living room area, the roommate threatened to throw boiling hot tea at petitioner. The struggle made its way to the backyard, where the men lost their balance and fell to the ground. In the process of falling to the ground, petitioner gained control of the knife and stabbed his roommate, causing the roommate's death. He claimed that he went to the front of the house and flagged down several people to call law enforcement and medical personnel. Petitioner claimed that it was his "firm belief at the time, and remains so to this day, that if he had not killed [his roommate] on September 2, 2017, then [his roommate] would have killed him." The motion further asserted:

> The [S]tate will not be able to present any witnesses to the altercation, as there are none. A video surveillance tape will be presented that shows the very end of the altercation as the two of them spill out of the back door of the house, but nothing in regards to the issue of self-defense is proven by the video. The only facts that the [S]tate will be

able to prove are that [the roommate] is in fact dead and that [petitioner] is the one who killed him. Because the [S]tate is not able to meet their burden of clear and convincing evidence, [petitioner] is entitled to immunity from prosecution and therefore the information in this case should be dismissed.

The trial court heard argument on the procedure that should be employed pursuant to the newly amended section 776.032 at a Stand Your Ground evidentiary hearing. Petitioner's counsel argued that section 776.032(4) requires only that petitioner raise a prima facie claim of self-defense immunity. Because, petitioner's counsel argued, petitioner's motion raised a facially sufficient prima facie claim, the burden was on the State to overcome that claim by clear and convincing evidence.

The State responded that the filing of the motion to dismiss pursuant to section 776.032 put petitioner's credibility at issue. Accordingly, the State asserted, petitioner must testify under oath and be subject to cross-examination by the State at an evidentiary hearing. This prompted the trial court to ask petitioner's counsel the following question: "[I]f it's the defendant who makes the assertion, why isn't that a waiver of immunity in its cross-examination?" Petitioner's counsel explained that before section 776.032 was amended in 2017, the accused had the burden of proving his entitlement to Stand Your Ground immunity at a hearing on the motion to dismiss. This burden, petitioner's counsel explained, left many with a choice between a statutory right to immunity and a constitutional right against self-incrimination. According to petitioner's counsel, by amending section 776.032 in 2017 to place the burden on the State "to overcome" a criminal defendant's prima facie claim of immunity, the legislature

- 4 -

eliminated a criminal defendant's evidentiary burden to prove his entitlement to Stand

Your Ground immunity from criminal prosecution.

The trial court then set forth its interpretation of section 776.032(4) as

follows:

> Well, I'll tell you, the impression I got is that you raise your claim and the State gets to challenge the legal sufficiency of the claim.  And if it's somebody other than your client who swears to what the facts are, that's good.  But if your client is the one who does it, then I think it's a waiver of immunity to the extent that the claim is submitted and to the extent necessary to disprove the claim. . . .
>
> So in this case, if your client swears to the facts that it's -- to show a prima -- to make a prima facie claim, I think the State gets to question that . . . I think it's a two-step process.
>
> If the Court rules on it that it is a prima facie claim, then I think we go to the next stage [where] the State gets to come in and rebut [the claim].

Petitioner's counsel responded that petitioner would not testify at the hearing and that

he would rely on the four corners of the motion unless the State was prepared to

present witnesses.  The trial court subsequently denied petitioner's motion to dismiss in

a written order as follows:

> IT IS FURTHER ORDERED that the [petitioner] is required to present evidence prior to the State at a hearing for immunity.  The State carries no burden at a pre-trial hearing for immunity until the defense presents evidence subject to cross examination that establishes a prima facie claim.  This evidence must be in the form of testimony or physical evidence and must be subject to cross examination by the [S]tate in order to establish that a claim for immunity is valid.  A written motion on its face is legally insufficient to raise a prima facie claim for immunity.  A written motion that is sworn to by the [petitioner], without live testimony in court

subject to cross examination, is legally insufficient to raise a prima facie claim for immunity. The [petitioner] in this case, having presented no evidence or testimony at the hearing for immunity, did not establish a prima facie claim for immunity and the [S]tate was not required to present any evidence.

He subsequently filed a petition for writ of prohibition in our court.

## Certiorari Jurisdiction

As an initial matter, prohibition is the appropriate remedy when the appellate court determines on the merits that the defendant is entitled to immunity under the Stand Your Ground law, the reason being that the lower court has no authority to proceed against an immunized defendant. See Little v. State, 111 So. 3d 214, 216 n.1 (Fla. 2d DCA 2013) (explaining that "the supreme court has consistently held" that prohibition "is an appropriate vehicle to review orders denying motions to dismiss criminal prosecutions based on immunity"). Here, however, petitioner challenges the procedure the circuit court employed in denying his motion to dismiss, the upshot of which was that the court denied the motion without requiring the State to put on evidence. Consequently, we cannot discern whether petitioner is entitled to immunity on the merits, and therefore prohibition is not the proper vehicle to review the alleged error.

Rather, the trial court's ruling in this case is more properly the subject of a proceeding in certiorari. Although orders denying motions to dismiss based on grounds other than immunity do not normally invoke our certiorari jurisdiction, petitioner complains that the ruling at issue has deprived him of a proper hearing on his claim to immunity from prosecution pursuant to section 776.032(4). Accordingly, we consider

- 6 -

his petition under our certiorari jurisdiction. <u>See</u> Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."); <u>Horn v. State</u>, 17 So. 3d 836, 837 (Fla. 2d DCA 2009) (reviewing trial court's denial of Stand Your Ground immunity under certiorari jurisdiction, noting "we write to discuss and approve of the trial court's procedures in determining that [petitioner] was not entitled to immunity under section 776, Florida Statutes (2007)"); <u>see also</u> <u>Pearlstein v. Malunney</u>, 500 So. 2d 585, 587 (Fla. 2d DCA 1986) (holding certiorari was appropriate when necessary "for petitioners to receive the benefits conferred upon them (and, in the estimation of the legislature, upon the citizens of Florida) by the statute" and "relief by direct appeal would be no relief at all").

## Discussion

Petitioner argues that the trial court erred by determining that the State carried no evidentiary burden under section 776.032(4) until he first presented a prima facie claim of entitlement to immunity by physical evidence or live testimony subject to cross-examination proffered at a Stand Your Ground hearing. We agree.

As an initial matter, we note that the trial court made no factual findings below. Accordingly, we are presented with the interpretation of section 776.032, which "is a purely legal matter and therefore subject to the de novo standard of review." <u>Kasischke v. State</u>, 991 So. 2d 803, 807 (Fla. 2008) (quoting <u>Kephart v. Hadi</u>, 932 So. 2d 1086, 1089 (Fla. 2006)).

"The 'cardinal rule' of statutory construction is 'that a statute should be construed so as to ascertain and give effect to the intention of the [l]egislature as expressed in the statute.' " Dennis v. State, 51 So. 3d 456, 461 (Fla. 2010) (quoting Reeves v. State, 957 So. 2d 625, 629 (Fla. 2007)). "[S]tatutory enactments are to be interpreted so as to accomplish rather than defeat their purpose." Id. at 461 (alteration in original) (quoting Reeves, 957 So. 2d at 629).

" 'The starting point for [the] interpretation of a statute is always its language,' so that 'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' " Vargas v. Enter. Leasing Co., 993 So. 2d 614, 618 (Fla. 4th DCA 2008) (alteration in original) (quoting in part Garcia v. Vanguard Car Rental USA, Inc., 510 F. Supp. 2d 821, 829-30 (M.D. Fla. 2007), aff'd, 540 F.3d 1242, 1246 (11th Cir. 2008)), approved, 60 So. 3d 1037 (Fla. 2011). We discern legislative intent by analyzing the text of the statute, interpreting the words and phrases penned by the legislature in accord with their plain and ordinary meanings. See Baden v. Baden, 43 Fla. L. Weekly D2550, D2551 (Fla. 2d DCA Nov. 14, 2018). And "when the language to be construed is unambiguous, it must be accorded its plain and ordinary meaning." Brown v. State, 715 So. 2d 241, 243 (Fla. 1998). If a statute is unambiguous, it is not the court's role to "look behind the statute's plain language or employ principles of statutory construction to determine legislative intent." English v. State, 191 So. 3d 448, 450 (Fla. 2016); see also Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 65 (Fla. 2005) ("When the statutory language is clear, 'courts have no occasion to resort to rules of construction—they must read the statute as written, for to do

otherwise would constitute an abrogation of legislative power.' " (quoting Nicoll v. Baker, 668 So. 2d 989, 990-91 (Fla. 1996))).

### A Brief History of Florida's Stand Your Ground Law

As background, the Stand Your Ground statute was first enacted in 2005. Ch. 05-27, § 4, at 200, Laws of Fla.; see also § 776.032, Fla. Stat. (2005) ("A person who uses force as permitted in [section] 776.012, [section] 776.013, or [section] 776.031 is justified in using such force and is immune from criminal prosecution . . . ."). "The statute effectively 'grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial.' " State v. Gallo, 76 So. 3d 407, 409 (Fla. 2d DCA 2011) (quoting Dennis, 51 So. 3d at 462). Previous versions of the statute were silent as to the procedure that a trial court should follow when an accused asserted his immunity from criminal prosecution pursuant to it. Responding to this omission, the supreme court held that the accused initiates the process of asserting immunity on the basis of section 776.032, as the petitioner did here, by filing a pretrial motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b). Dennis, 51 So. 3d at 463.

The text of prior versions of section 776.032 was also wholly silent as to which party bore the evidentiary burden to prove or disprove an accused's assertion of entitlement to Stand Your Ground immunity: was it the accused's burden to prove his entitlement to immunity or the State's burden to disprove the accused's assertion of entitlement to immunity? And section 776.032 was wholly silent as to what quantum of evidentiary proof was required. See Bretherick v. State, 170 So. 3d 766, 775-76 (Fla.

2015) (examining the development in the district courts of the burden of proof requirement under the 2011 version of section 776.032).

One quite obvious and common thread seen in the development of the Stand Your Ground case law in the district courts of appeal, and ultimately the supreme court, is the perceived impracticality of a procedure requiring the State to disprove the immunity afforded by the Stand Your Ground statute. See id. at 777. Instead, the courts explained that it was more practical for the person asserting an entitlement to immunity to prove it up. See id. If the State was required to disprove an accused's assertion of immunity, some argued, the State would be forced to conduct two trials (one for pretrial immunity purposes and the second for the substantive trial) in a single case, giving the accused a preview of the State's case. Id. Such a procedure could lead to the waste of tax dollars for both the executive and judicial branches. See id. at 778 ("Requiring the State to prove its case twice would also cause a tremendous expenditure of time and resources.").

In 2015, the supreme court addressed these questions and concerns under a previous version of section 776.032, holding that the accused had the burden to both raise a claim of immunity and prove entitlement to immunity from criminal prosecution by a preponderance of evidence. See Bretherick, 170 So. 3d at 779. Justice Canady, joined by Justice Polston, dissented. The dissent emphasized that placing the burden on the accused to provide evidentiary proof of his statutory entitlement to immunity "has no basis in the text of the Stand Your Ground law." Id. at 780 (Canady, J., dissenting). The dissent reasoned that "[b]y imposing the burden of

- 10 -

proof on the defendant at the pretrial evidentiary hearing, the majority substantially curtails the benefit of the immunity from trial conferred by the [l]egislature under the Stand Your Ground law." Id.

Acknowledging the "majority's concern that placing the burden of proof on the State in the pretrial evidentiary hearing will potentially result in 'two full-blown trials,' " the dissent astutely recognized that this is a "matter for the [l]egislature to consider and resolve." Id. And the dissent further noted that the majority's practical concerns "cannot justify curtailing the immunity from trial under the Stand Your Ground law for those individuals whose use of force or threat of force is legally justified under the governing statutory standard." Id.

## The Newly Added Text of Section 776.032(4)

Having set forth this brief history of Florida's Stand Your Ground law, we turn to the text of the recently amended section 776.032. During its 2017 session, the legislature amended section 776.032 to include a new subsection which unambiguously set forth that "the burden of proof is on the party seeking to overcome the immunity from criminal prosecution." See ch. 2017-72, § 1, at 898-89, Laws of Fla. In full, the subsection provides:

> (4) In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

- 11 -

(Emphasis added.)  As the First District recently explained, the 2017 amendment to section 776.082 markedly "changed both the burden and quantum of proof required for establishing entitlement to immunity."  Boston v. State, 43 Fla. L. Weekly D2670, 2670 (Fla. 1st DCA Nov. 30, 2018).

We agree with petitioner that the trial court erred by imposing an evidentiary burden on petitioner to establish a "prima facie claim" of self-defense in order to trigger the State's burden to "overcome" this claim "by clear and convincing evidence," as it contravenes the plain and ordinary meaning of the text of section 776.032(4).  As set forth in detail below, the trial court should have instead reviewed the facial sufficiency of the immunity claim set forth in Petitioner's motion to dismiss.  Cf. Martin v. State, 43 Fla. Law Weekly D1016, 1016 (Fla. 2d DCA May 4, 2018) ("Thus, as it now stands, the State bears the burden of disproving, by clear and convincing evidence, a facially sufficient claim of self-defense immunity in a criminal prosecution.").

By adding subsection (4) to section 776.032, the legislature set forth in no uncertain terms that the "party seeking to overcome" the immunity from criminal prosecution—the State—has the evidentiary "burden of proof" and that the quantum of proof is "by clear and convincing evidence."

The text of section 776.032(4) directs a party seeking immunity from criminal prosecution to "raise[]" a "prima facie claim" of self-defense as described in section 776.032(1).  See § 776.032(4) (referring to section 776.032(1)'s inclusion of the affirmative defenses of justifiable self-defense and use of force set forth in sections 776.012, .013, and .031).  As an initial matter, section 776.032 does not define "raise,"

- 12 -

"prima facie," or "claim." When a word or phrase in a statute is not expressly defined, it is "appropriate to refer to dictionary definitions" in order to discern the plain and ordinary meaning of that word or phrase. Sanders v. State, 35 So. 3d 864, 871 (Fla. 2010) (quoting School Bd. of Palm Beach Cty. v. Survivors Charter Schools, Inc., 3 So. 3d 1220, 1233 (Fla. 2009)).

A "claim" is defined as "[a] statement that something yet to be proved is true," "[t]he assertion of an existing right," and "[a] demand for . . . a legal remedy to which one asserts a right." Claim, Black's Law Dictionary (10th ed. 2014); see also The American Heritage Dictionary, 340 (5th ed. 2011) (defining "claim" as "[a] statement of something as a fact; an assertion of truth"). Consider the following statement: "I claim that the car was speeding down the road." It is doubtful that one's claim that the car was speeding down the road would ordinarily be understood in a conversation to mean that the car was indeed speeding down the road. That is, it would make little sense for the person to limit what he believes to be true by adding "claim" to the sentence. In other words, if someone sought to convey that a car was speeding down the road, that person would simply say, "The car was speeding down the road." There's no need to "claim" it was if it was. With this ordinary understanding of "claim" in mind, the legislature's inclusion of the word "claim" demonstrates its intent that the party seeking immunity from criminal prosecution must merely assert it, not prove it; it is something yet to be proven, a mere assertion of a statement without evidence to back up its veracity.

- 13 -

Next, we address the type of claim that is yet to be proven: "a prima facie claim." "Prima facie" is defined as "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may be later proved to be untrue." Prima facie, Black's Law Dictionary (10th ed. 2014); see also The American Heritage Dictionary, 1398 (5th ed. 2011) (defining "prima facie" as "[a]t first sight; before closer inspection"). So, the type of claim yet to be proven as true is one that, on first examination, is presumed to be true unless it is later disproved or rebutted. The phrase "prima facie claim," then, is an assertion that, at first glance, is sufficient to establish a fact or right but is yet to be disproved or rebutted by someone.

The State asserts that the person—here, the petitioner—asserting the yet to be proven immunity claim has the evidentiary burden to prove it. We need not look further than the text of section 776.032(4) to reject that interpretation. First, we have established that a "prima facie claim" is a fact or right that has yet to be disproven. But there's additional text to support our rejection of the State's interpretation. Specifically, by amending section 776.032 to add subsection (4), the legislature merely required that "a prima facie claim of self-defense immunity from criminal prosecution . . . be[] raised by the defendant at a pretrial immunity hearing." (Emphasis added.) To "raise" something is "[t]o bring up for discussion or consideration; to introduce or put forward." Black's Law Dictionary (10th ed. 2014); see also The American Heritage Dictionary, 1454 (5th ed. 2011) (defining "raise" as "[t]o put forward for consideration"). That is, in ordinary conversation, it is not sensible to conclude that to "raise" a prima facie claim,

- 14 -

which is deemed true until it is disproved, means that the person raising the claim must also affirmatively prove the claim. The legislature did not say "prove." Utilization of "raised," coupled with the aforementioned ordinary meaning of "prima facie claim," yields clear textual support that the legislature did not intend the person asserting Stand Your Ground immunity to first prove that prima facie claim of self-defense. Instead, the text indicates that the legislature intended that the person simply bring that yet to be disproven prima facie claim of self-defense to a pretrial immunity hearing for the trial judge to determine, at first glance, if all elements required to demonstrate the particular self-defense statute are present. This is confirmed by the legislature's refusal to prescribe an evidentiary "burden of proof" to the person asserting immunity in the Stand Your Ground statute.

Instead, section 776.032 prescribes one, and only one, "burden of proof," which is set forth in the legislature's 2017 addition of subsection (4) to section 776.032. That "burden of proof" is placed on the "party seeking to overcome" the "immunity" from "criminal prosecution," which is, of course, the State. § 776.032(4). We know it is an evidentiary burden because the legislature told us: it directed that the State must overcome the immunity "by clear and convincing evidence." § 776.032(4) (emphasis added).

Thus, section 776.032(4) plainly states that there is no evidentiary burden upon the person seeking Stand Your Ground immunity. To interpret the subsection otherwise would write into the statute a requirement that is not there and quell the legislature's obvious attempt to upend the supreme court's Bretherick decision, where

- 15 -

our supreme court held that the person seeking Stand Your Ground immunity bore the burden to prove his immunity by a preponderance of the evidence. 170 So. 3d at 774. Indeed, we must presume that the legislature understood the plain and ordinary meaning of the words and phrasing it codified in section 776.032(4). See Ward v. State, 936 So. 2d 1143, 1146 (Fla. 3d DCA 2006) ("[T]he legislature is presumed to know the meaning of words and the rules of grammar[,] and the court will give the generally accepted construction to both the phraseology of the act and the manner in which it is punctuated." (quoting Sailboat Apartment Corp. v. Chase Manhattan Mortg. & Realty Tr., 363 So. 2d 564, 568 (Fla. 3d DCA 1978))).

The trial court's ruling that petitioner must present "testimony or physical evidence . . . subject to cross examination by the [S]tate in order to establish that a claim for immunity is valid" is a departure from the essential requirements of the law set forth in the legislature's 2017 amendment to section 776.032. And its interpretation would effectively revert the burden of proof on the accused to that announced in Bretherick. Aside from obvious Fifth Amendment issues, it would further lead to an absurd result where the defendant seeking immunity from criminal prosecution has a higher pretrial evidentiary burden than a defendant asserting justifiable use of force as an affirmative defense at trial, where the defendant must present (not raise) a prima facie case (not claim) of self-defense before the State must prove the nonexistence of the affirmative defense beyond a reasonable doubt. See Fowler v. State, 921 So. 2d 708, 711 (Fla. 2d DCA 2006). At trial, "[t]he State must prove the defendant's guilt beyond a reasonable doubt, and when the defendant presents a prima facie case of

self-defense, the State's burden includes 'proving beyond a reasonable doubt that the defendant did not act in self-defense.' " Id. (quoting Thompson v. State, 552 So. 2d 264, 266 (Fla. 2d DCA 1989)). Also at trial, an accused would obviously not be required to present evidence, by way of his testimony, to present a prima facie case of self-defense and support the trial court's charging the jury of the affirmative defense of justifiable self-defense. Rather, the defendant could elicit testimony supporting justifiable self-defense through cross-examination of the State's witnesses and point to facts that create a reasonable doubt that his actions were not justified. See Kilgore v. State, 271 So. 2d 148, 152 (Fla. 2d DCA 1972) ("If [a]ny evidence of a substantial character is adduced, either upon cross-examination of State witness or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue."). If the defendant is not required to testify or elicit testimony to present a prima facie case of self-defense at a trial, it would upend the purpose of the immunity statute if he were required to testify or elicit testimony to simply raise a prima facie claim of Stand Your Ground immunity based on self-defense at a pretrial hearing.

Although we both recognize and appreciate the legitimate concerns raised by the trial court, its interpretation contravenes the text of section 776.032(4). The practical and financial impact on both the executive and judicial branches are concerns for the legislature to address, not the courts.

- 17 -

We interpret section 776.032(4)'s requirement of a prima facie claim of self-defense immunity from prosecution to be raised "at a pretrial immunity hearing" to mean that an accused must simply allege a facially sufficient prima facie claim of justifiable use of force under chapter 776 in a motion to dismiss filed under rule 3.190(b) and present argument in support of that motion at a pretrial immunity hearing. While the addition of subsection (4) to section 776.032 appears to be an obvious response to the supreme court's decision in Bretherick, the legislature did not alter the procedure for asserting a claim of self-defense immunity that the supreme court set forth in Dennis. See City of Hollywood v. Lombardi, 770 So. 2d 1196, 1202 (Fla. 2000) ("[T]he legislature is presumed to know the judicial constructions of a law when enacting a new version of that law [and] . . . is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed in the new version." (quoting Brannon v. Tampa Tribune, 711 So. 2d 97, 100 (Fla. 1st DCA 1998))). We interpret the legislature's requirement that an accused raise a prima facie claim of immunity at a pretrial immunity hearing in conformity with the procedure set forth in Dennis.

In sum, procedurally, a claim for immunity from criminal prosecution pursuant to section 736.032(4) must first be raised, as petitioner did here, by the criminal defendant in a pretrial rule 3.190(b) motion to dismiss. The trial court is then to determine whether, at first glance and assuming all facts as true, the alleged facts set forth in the motion support the elements of self-defense in either section 776.012, 776.013, or 776.031. If the trial court determines that the defendant's claim of self-defense satisfies the requirements set forth in the applicable self-defense statute raised

by the accused, the State shall then present clear and convincing evidence to overcome the self-defense claim.[2]

We are mindful that there will be situations where the accused is the only available witness to the events leading to an act that is claimed to be justifiable use of force. This may result in great difficulty for the State to overcome the accused's prima facie claim by clear and convincing evidence.[3] But our result here is mandated by the text of section 776.032(4).[4]

_____

[2]To the extent that the State asserted below that it could not refute petitioner's claims without an opportunity to challenge his credibility through cross-examination, we note that the State would be in the same position if an accused made pretrial statements consistent with a claim of justifiable use of force and those statements were presented at trial. In either instance, the State can challenge the accused's credibility with inconsistent statements and the probability or improbability of the allegations in light of the circumstances established by other evidence. See, e.g., Leasure v. State, 105 So. 3d 5, 14 (Fla. 2d DCA 2012) ("[E]ven when there are no other witnesses to the events besides the defendant, a jury is not required to accept the defendant's testimony in support of her self-defense theory as true. Instead, it must consider the probability or improbability of the defendant's credibility in light of the circumstances established by other evidence." (citations omitted)).

[3]The legislature has imposed a lesser burden on the State—clear and convincing evidence—at a pretrial immunity hearing (with or without the defendant testifying) than during trial. If the State cannot overcome an accused's claim of immunity by clear and convincing evidence at a pretrial immunity hearing, it is less likely it can prove beyond a reasonable doubt at trial that the same acts were not justifiable self-defense.

[4]In Langel v. State, 255 So. 3d 359, 362-363 (Fla. 4th DCA 2018), the Fourth District explained that raising a prima facie claim of self-defense immunity from criminal prosecution under section 776.032(4) ordinarily "require[s] the defendant to testify or to otherwise present or point to evidence from which the elements for justifiable use of force can be inferred." Because the petitioner in Langel was seeking retroactive application of the 2017 amendment to section 776.032(4) and the Fourth District had already determined that the amendment cannot be applied retroactively in Hight v. State, 253 So. 3d 1137 (Fla. 4th DCA 2018), this language from Langel is dicta. See Lewis v. State, 34 So. 3d 183, 186 (Fla. 1st DCA 2010) ("When a court makes a

Should our interpretation of the text of section 776.032(4) not reflect the legislature's intent, it is up to the legislature to clarify its intent by amending the statute. Unless and until that occurs, courts are duty bound to carry out the legislative intent by mandating that the State bear the evidentiary burden of overcoming, by bringing forth clear and convincing evidence, an accused's facially sufficient, prima facie claim of self-defense immunity from criminal prosecution at a pretrial hearing.

Accordingly, we grant the petition and quash the trial court's order summarily denying the motion to dismiss.[5]

Petition granted; order quashed.

LaROSE, C.J., and NORTHCUTT J., Concur.

---

pronouncement of law that is ultimately immaterial to the outcome of the case, it cannot be said to be part of the holding in the case."). To the extent that this language can be interpreted to be contrary to our holding in this case, however, we note that the Langel court explicitly rejected the definition of "prima facie case" requiring "production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor" when interpreting subsection (4) of 776.032. Langel, 225 So. 3d at 362 n.2 (emphasis added). Instead, the Fourth District, consistent with our opinion, interpreted "prima facie case" to require "[t]he establishment of a legally required rebuttable presumption." Id. Thus, the Langel court was merely acknowledging that, in some cases, a defendant may wish to testify to establish his claim of Stand Your Ground immunity.

[5]We express no opinion as to the facial sufficiency of petitioner's claim. It shall be evaluated by the trial court in the first instance.

- 20 -