DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**MICHAEL EDWARD CASSADAY,**
Appellee.

No. 4D20-816

[March 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 50-2019-CF-005903-AXXX-MB.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

The State appeals the circuit court's order dismissing an aggravated assault charge pursuant to sections 776.032(1) and 776.012(1), Florida Statutes (2017). *See* Fla. R. Crim. P. 3.190(b). We affirm.

The State argues that the circuit court erred in ruling that the defendant made a prima facie claim of entitlement to self-defense immunity through the mere filing of his motion to dismiss.

We agree with the analysis in *Jefferson v. State*, 264 So. 3d 1019 (Fla. 2d DCA 2018). There, the Second District concluded that section 776.032(4) merely requires that "a prima facie claim of self-defense immunity from criminal prosecution . . . be[ ] raised by the defendant at a pretrial immunity hearing," not proven. *Id.* at 1027. *Jefferson* stated that there is "no evidentiary burden upon the person seeking Stand Your Ground immunity." *Id.* Instead, a defendant must "simply allege a facially sufficient prima facie claim of justifiable use of force under chapter 776 in a motion to dismiss filed under rule 3.190(b) and present argument in

support of that motion at a pretrial immunity hearing." *Id.* at 1028–29. *Jefferson* then summarized the procedure in a Stand Your Ground immunity case:

> In sum, procedurally, a claim for immunity from criminal prosecution pursuant to section 736.032(4) must first be raised . . . by the criminal defendant in a pretrial rule 3.190(b) motion to dismiss. The trial court is then to determine whether, at first glance and assuming all facts as true, the alleged facts set forth in the motion support the elements of self-defense in either section 776.012, 776.013, or 776.031. If the trial court determines that the defendant's claim of self-defense satisfies the requirements set forth in the applicable self-defense statute raised by the accused, the State shall then present clear and convincing evidence to overcome the self-defense claim.

*Id.* at 1029; *see also Rich v. State*, 45 Fla. L. Weekly D1389, 2020 WL 3067527 (Fla. 2d DCA June 10, 2020); *Rogers v. State,* 303 So. 3d 1266 (Fla. 5th DCA 2020).

The State relies on our opinion in *Langel v. State*, 255 So. 3d 359 (Fla. 4th DCA 2018). However, the language in that opinion upon which the State relies was dicta, unnecessary to the holding in that case.

*Affirmed.*

LEVINE, C.J., GROSS and ARTAU, JJ., concur.

* * *

**_Not final until disposition of timely filed motion for rehearing._**