DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEREMY SCOTT BETHEA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-98

[June 2, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Debra Moses Stephens, Judge; L.T. Case Nos. 50-2018-MM-010714-AXXX-MB and 50-2019-AP-000142-AXXX-MB.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

After a jury trial, Jeremy Bethea was convicted of battery, in violation of section 784.03(1), Florida Statutes (2018). The trial court converted that conviction into a domestic violence conviction. *See* §§ 741.28, 741.283, Fla. Stat. (2018).

We reverse the domestic violence designation of the conviction because that issue was not submitted to the jury. We also write to address appellant's challenge to a Stand Your Ground immunity hearing.

### *The Trial Court's Designation of the Battery Conviction as One of Domestic Violence Was Improper Since Fact Issues Pertaining to the Designation Were Not Submitted to the Jury*

Appellant was charged with battery (domestic) in violation of sections 784.03(1) and 741.283, Florida Statutes (2018). Section 741.283 establishes minimum terms of imprisonment for those "adjudicated guilty of a crime of domestic violence, as defined in s. 741.28." The information

described the victim as "a family or household member of [Appellant]." *See* § 741.28, Fla. Stat. (2018).

The trial court's instruction to the jury was as follows:

> To prove the crime of battery, the State must prove the following element beyond a reasonable doubt:
>
> [Appellant] actually and intentionally touched or struck [the victim] against her will.
>
> An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.

The jury found Appellant guilty of battery as charged.

After the verdict and the dismissal of the jury, the trial court found that the battery was a crime of domestic violence. The court sentenced Appellant to, among other things, 12 months of probation and to serve eight long weekends in the Palm Beach County Jail. The written judgment of conviction contains a checked box, which designates the conviction as one of domestic violence.

Appellant moved to correct four sentencing errors. *See* Fla. R. Crim. P. 3.800(b)(2). Appellant argued, among other things, that the judgment and probation order should not have a checkmark indicating a finding of domestic violence. Appellant moved the court to remove the domestic designation in the probation order and in the judgment. The court granted the motion to correct three errors, but denied the part of the motion directed at the portion of the order characterizing the battery as one of domestic violence.

*Alleyne v. United States*, 570 U.S. 99 (2013), applies to the domestic violence designation in this case. In *Alleyne*, the Supreme Court held

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 103 (internal citation omitted).

2

A domestic violence designation under section 741.28(2) triggers mandatory minimum sentences under section 741.283. In this case, the facts necessary to a "domestic violence" designation are (1) a battery, (2) where the victim is a "family or household member" of the defendant, and (3) the battery "result[ed] in physical injury or death" of the victim. § 741.28(2), Fla. Stat. (2018). Section 741.283(1)(a) describes the mandatory minimum sentences for first, second, and third or subsequent domestic violence offenses and requires that the defendant has "intentionally caused bodily harm to another person."

Here, the jury was charged only on misdemeanor battery. It was not asked to make findings regarding bodily harm or injury of the victim or the victim's status as a "family or household member" of Appellant. Under *Alleyne*, the judge was precluded from making the domestic violence finding on her own.

Applying *Gaymon v. State*, 288 So. 3d 1087 (Fla. 2020), we remand for resentencing with instructions to empanel a jury to make the "domestic violence" determination, if the State seeks that finding in this case. If the State no longer seeks that finding, the trial court shall enter an amended judgment of conviction and probation order without the domestic violence designation.

### *The Burden of Proof Error at the Stand Your Ground Immunity Hearing Was Cured by Appellant's Conviction at Trial, Where His Guilt Was Established Beyond a Reasonable Doubt*

Prior to trial, Appellant filed an amended motion to dismiss based on Florida's Stand Your Ground immunity law. Relying on *Jefferson v. State*, 264 So. 3d 1019 (Fla. 2d DCA 2018), Appellant argued that a defendant only needs to "simply allege a facially sufficient prima facie claim of justifiable use of force under chapter 776 in a motion to dismiss," and that the defendant is not required to present physical evidence or testimony to support the motion. The trial court concluded that the defense would be required to present some evidence. The defense declined to call any witnesses. The trial court denied Appellant's amended motion to dismiss.

Well after the trial in this case, we decided *State v. Cassaday*, 46 Fla. L. Weekly D544, 2021 WL 926552, at *1 (Fla. 4th DCA Mar. 10, 2021). There, we agreed with the Second District's analysis in *Jefferson* that "section 776.032(4) merely requires that 'a prima facie claim of self-defense immunity from criminal prosecution . . . be[ ] <u>raised</u> by the defendant at a

pretrial immunity hearing,' not proven." *Id.* (quoting *Jefferson*, 264 So. 3d at 1027).

"[T]here is no evidentiary burden upon the person seeking Stand Your Ground immunity." *Id.* (internal quotation marks omitted). "Instead, a defendant must 'simply allege a facially sufficient prima facie claim of justifiable use of force under chapter 776 in a motion to dismiss filed under rule 3.190(b) and present argument in support of that motion at a pretrial immunity hearing.'" *Id.* (quoting *Jefferson*, 264 So. 3d at 1028–29). This court outlined the procedure set forth in *Jefferson* as follows:

> In sum, procedurally, a claim for immunity from criminal prosecution pursuant to section 736.032(4) must first be raised . . . by the criminal defendant in a pretrial rule 3.190(b) motion to dismiss. The trial court is then to determine whether, at first glance and assuming all facts as true, the alleged facts set forth in the motion support the elements of self-defense in either section 776.012, 776.013, or 776.031. If the trial court determines that the defendant's claim of self-defense satisfies the requirements set forth in the applicable self-defense statute raised by the accused, the State shall then present clear and convincing evidence to overcome the self-defense claim.

*Id.* (quoting *Jefferson*, 264 So. 3d at 1029).

When a trial court errs by placing the initial burden of proof on the defendant during a Stand Your Ground immunity pretrial hearing, that error can be cured by "the State establish[ing] the defendant's guilt at trial by proof beyond a reasonable doubt" because "[t]he State's trial burden of overcoming the defendant's self-defense claim by proof beyond reasonable doubt is heavier than its pretrial burden of overcoming the defendant's self-defense immunity claim by clear and convincing evidence." *Little v. State*, 302 So. 3d 396, 407 (Fla. 4th DCA 2020) (quoting *Boston v. State*, 296 So. 3d 580, 583 (Fla. 1st DCA 2020), *rev. granted*, SC20-1164, 2020 WL 5946341 (Fla. Oct. 7, 2020)); *contra Nelson v. State*, 295 So. 3d 307, 307 (Fla. 2d DCA 2020) (holding that because the amended section 776.032 "shift[ed] the burden of proof from the defendant to the State," the case is reversed and remanded to the trial court for a new immunity hearing).[1]

---

[1] This court aligned itself with the First District and certified conflict with *Nelson*. The Florida Supreme Court accepted jurisdiction in *Boston* and an oral argument was held on May 5, 2021.

Based on *Little*, the trial court's error was cured by the State proving Appellant's guilt beyond a reasonable doubt at trial, and "there is no need to remand this case for another hearing." 302 So. 3d at 407. We withhold issuance of the mandate in this case until 30 days after the Florida Supreme Court resolves *Boston*'s conflict with *Nelson*, or otherwise disposes of *Boston*.

We have considered Appellant's other points on appeal. We conclude that there was no fundamental error regarding the jury instruction and that the text message from Appellant's phone was sufficiently authenticated.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

5