# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2019
Lower Tribunal No. M21-3889
_____

**Jovan Casanova,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Writ of Certiorari to the County Court for Miami-Dade County, Christine Bandin, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent.

Before HENDON, GORDO and BOKOR, JJ.

PER CURIAM.

Jovan Casanova petitions this Court for writ of certiorari seeking to quash the lower tribunal's order denying his motion to dismiss pursuant to section 776.032, Florida Statutes (2021)—Florida's "Stand Your Ground" law. See Garcia v. State, 286 So. 3d 348, 350 (Fla. 2d DCA 2019) ("Generally, a petition for writ of prohibition is the proper method for reviewing the denial of a motion to dismiss under the Stand Your Ground law. But, because the trial court erred in its construction of the Stand Your Ground statute, we are unable to determine whether [the movant] is entitled to immunity on the merits. Thus, prohibition is not the appropriate vehicle under which to proceed. We best proceed under our certiorari jurisdiction.") (internal citations omitted). As Casanova has established that the trial court's order departs from essential requirements of law, resulting in material injury that cannot be adequately remedied on appeal, we grant the petition for writ of certiorari and quash the order under review.

Casanova was charged with one count of misdemeanor battery. Casanova filed an unsworn pretrial motion to dismiss pursuant to section 776.032, asserting that he is immune from criminal prosecution. The motion to dismiss alleged, among other things, that the victim was the initial aggressor, and Casanova's subsequent actions were in an attempt "[t]o defend himself from further imminent force levied by the alleged victim."

2

Following a hearing, the trial court entered an order denying Casanova's motion to dismiss concluding that Casanova "cannot establish a prima facie claim of self-defense immunity unless and until his Motion is either: i) sworn to by a person with personal knowledge of the facts alleged therein; or ii) supported by evidence or testimony that establishes the facts set forth in the motion."  As such, the lower tribunal did not address Casanova's motion to dismiss on the merits.

Section 776.032(4) of Florida's Stand Your Ground law provides as follows:

> In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

Based on the Second District Court of Appeal's decision in Jefferson v. State, 264 So. 3d 1019 (Fla. 2d DCA 2018), contrary to the lower tribunal's order, we conclude that a defendant's motion to dismiss under Florida's Stand Your Ground law can establish a prima facie claim of self-defense immunity from criminal prosecution even though the motion to dismiss is not sworn to by someone with personal knowledge or supported by evidence or testimony establishing the facts in the motion to dismiss. Accordingly, we grant the petition for writ of certiorari, quash the order

3

under review, and remand with instructions for the lower tribunal to evaluate Casanova's motion to dismiss on the merits.

Petition granted; order quashed; remanded with directions.