# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0562
Lower Tribunal No. F23-20949
_____

**Nicol Maslo,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent.

Before SCALES, MILLER and LOBREE, JJ.

PER CURIAM.

Nicol Maslo seeks certiorari review of a March 11, 2024 trial court order denying, as legally insufficient, his motion to dismiss asserting immunity from criminal prosecution under sections 776.012(1) and 776.032(1) of the Florida Statutes (2024) – Florida's "Stand Your Ground" (SYG) law.[1] We deny the petition because Maslo's SYG motion failed to establish a prima facie claim of self-defense immunity.

---

[1] Section 776.012(1) provides as follows:

> (1) A person is justified in using or threatening to use force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. A person who uses or threatens to use force in accordance with this subsection does not have a duty to retreat before using or threatening to use such force.

§ 776.012(1), Fla. Stat. (2024).

Section 776.032(1) provides, in relevant part, as follows:

> (1) A person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in such conduct and is immune from criminal prosecution . . . for the use or threatened use of such force . . . unless the person against whom force was used or threatened is a law enforcement officer, as defined in s. 943.10(14), who was acting in the performance of his or her official duties and . . . the person using or threatening to use force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

§ 776.032(1), Fla. Stat. (2024).

## I. Relevant Background

The State charged Maslo with aggravated assault on a law enforcement officer with a firearm. See § 784.021(1), Fla. Stat. (2023); § 784.07(1)(e), Fla. Stat. (2023); § 775.087(4), Fla. Stat. (2023). Maslo filed an SYG motion below that was heard by the trial court on the day Maslo's trial was scheduled to begin. After hearing argument of counsel, the trial court determined that an evidentiary hearing on Maslo's SYG motion was unnecessary, and, citing to this Court's opinion in State v. Moore, 337 So. 3d 876 (Fla. 3d DCA 2022), denied Maslo's SYG motion as legally insufficient. Maslo filed the instant certiorari petition,[2] and the trial court continued the trial to allow this Court to adjudicate Maslo's petition.

---

[2] Generally, Florida's appellate courts are called upon to review orders denying a defendant's SYG motion via a petition for writ of prohibition, rather than certiorari. Where, however, the trial court does not reach the merits of an SYG motion due to an alleged misapplication of the SYG statutes or Florida Rule of Criminal Procedure 3.190 (the procedural rule governing SYG motions), Florida's appellate courts have employed certiorari review of the order. See, e.g. Acostafigueroa v. State, 373 So. 3d 908, 910 (Fla. 4th DCA 2023) ("A petition for writ of certiorari is the proper vehicle to seek relief from an order striking as untimely a motion to dismiss under section 776.032."); Corbett v. State, 348 So. 3d 645, 648 (Fla. 5th DCA 2022) ("By this opinion, we express our agreement with the series of cases holding that procedural errors regarding Stand Your Ground motions should be raised in a petition for writ of certiorari rather than a petition for writ of prohibition."); Casanova v. State, 335 So. 3d 1231, 1232 (Fla. 3d DCA 2021) ("[B]ecause the trial court erred in its construction of the Stand Your Ground statute, we are unable to determine whether [the movant] is entitled to immunity on the merits. Thus, prohibition is not the appropriate vehicle under which to

## II.   Analysis[3]

For a trial court to conduct an evidentiary SYG hearing in a criminal prosecution – at which the State bears the burden of proving, by clear at convincing evidence, that a defendant is not entitled to statutory immunity – a criminal defendant must first file a pleading "alleg[ing] a facially sufficient prima facie claim of justifiable use of force under chapter 776 . . . and present

proceed. We best proceed under our certiorari jurisdiction." (quoting Garcia v. State, 286 So. 3d 348, 350 (Fla. 2d DCA 2019))); Jefferson v. State, 264 So. 3d 1019, 1023 (Fla. 2d DCA 2018) ("[P]etitioner challenges the *procedure* the circuit court employed in denying his motion to dismiss, the upshot of which was that the court denied the motion without requiring the State to put on evidence. Consequently, we cannot discern whether petitioner is entitled to immunity on the merits, and therefore prohibition is not the proper vehicle to review the alleged error.").

For several reasons, we decline to address whether Maslo should have filed a prohibition petition rather than a certiorari petition. First, had Maslo sought prohibition rather than certiorari, the result would be the same. Second, any such analysis by this Court would be *sua sponte*, because neither party has advanced an argument to us related to the type of relief Maslo has sought in this Court. Finally, any such discussion by us of this issue may be rendered purely academic, and of no practical import, in light of the Florida Supreme Court's current consideration of a petition by the Florida Bar to add nonfinal orders denying SYG motions to Florida Rule of Appellate Procedure 9.140's schedule of orders that are appealable by a criminal defendant. See In re: Amendments to Florida Rules of Appellate Procedure 9.110, 9.130, 9.140 and 9.800, SC2024-0317.

[3] The trial court's determination on the legal sufficiency of an SYG motion presents a question of law that this Court reviews *de novo*. See Moore, 337 So. 3d at 880.

4

argument in support of that motion at a pretrial immunity hearing." <u>Moore</u>, 337 So. 3d at 880-81 (quoting <u>Jefferson</u>, 264 So. 3d at 1028-29). Section 776.032(4) of the Florida Statutes (2024), governing "[i]mmunity from criminal prosecution . . . for justifiable use or threatened use of force," places the burden on the State only after "a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing . . . ."

On our *de novo* review, we agree with the trial court that Maslo's SYG motion failed to allege sufficient facts that affirmatively show or tend to show that Maslo had a reasonable belief that Maslo's show of force was necessary to defend himself against some imminent use of unlawful force. <u>See</u> <u>Moore</u>, 337 So. 3d 881-82. Because Maslo failed to meet his initial burden of stating a prima facie claim of SYG immunity, the trial court did not err in denying Maslo's SYG motion. Accordingly, we deny Maslo's petition.

Petition denied.